## WERNET v. KARUTZ.

(Supreme Court, Appellate Division, Second Department.　October 7, 1910.)

1. WITNESSES (§ 248*)—EXAMINATION—RESPONSIVENESS OF ANSWER.
   In an action against an executor for services rendered decedent, where plaintiff on cross-examination testified that $30 a month claimed as services as housekeeper was reasonable, and was asked how she arrived at such figures, her answer that decedent told her that her salary on the first of the next month would be $30 a month, that he was a very sick man, and that she had a lot of work to do with him, and, as soon as he could get a certain mortgage, he would pay her $30 a month, should have been stricken as not responsive.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 861–863; Dec. Dig. § 248.*]

2. WITNESSES (§ 176*)—COMPETENCY—TRANSACTION WITH DECEDENT.
   The answer embracing a conversation with decedent was inadmissible under Code Civ. Proc. § 829, defendant's counsel not opening the door to such testimony by his question, and the executor not having been examined in his own behalf concerning the communication.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 714, 716, 717, 719; Dec. Dig. § 176.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Catherine Wernet against Charles H. Karutz, executor of Laurens Darde. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Karutz & Olsen, for appellant.

Edward G. Nelson, for respondent.

WOODWARD, J. This judgment must be reversed. The plaintiff brings this action against the defendant as the executor of the last will and testament of Laurens Darde, deceased, claiming for work, labor, and services performed by the plaintiff at the request of the said Laurens Darde, deceased, as his housekeeper, and for other services, and for money loaned. The case is one of that character where the plaintiff has withheld the claim until after the death of the party for whom the alleged services were rendered, and the claim is for double the amount which she was receiving during at least a portion of the lifetime of the deceased. In addition to the extra demand for services as housekeeper, there is a demand for $10 per week, during the same time, for taking care of the horse of the deceased, and then there is a claim for $25 per week for services as nurse. Under such circumstances, the courts have demanded a satisfactory degree of evidence, and a strict compliance with the conditions imposed by the statutes designed for the protection of estates.

Upon the trial, and after the plaintiff had testified to so much as she was permitted to answer, she was taken in hand for cross-examination. She claimed $30 per month for her services as housekeeper, and counsel for defendant asked her:

"Now, you say your charges, Mrs. Wernet, $30 a month during the time you served as housekeeper is a reasonable charge, is that right?"

She answered:

"That's right."

She was then asked:

"You didn't work as housekeeper for any one else before that time, did you? A. No. Q. Then how do you arrive at your figure of $30 a month? A. He says to her—. Defendant's Counsel: I object to any conversation, if your honor pleases."

The witness then continued:

"She says that in December, 1907, he told her that on the 1st of January her salary would be $30 a month; that he was a very sick man, and she had a lot of work to do with him, and, as soon as he would get that mortgage, he would pay her the amount of $30 a month."

Defendant's counsel moved to strike out the answer as not responsive, and that the conversation, being with a deceased person, was not admissible in evidence. The motion was denied, and defendant took an exception.

The motion should have been granted on both objections. The question under discussion was whether the sum of $30 per month was a reasonable charge. The plaintiff had testified that it was a reasonable charge, and the defendant's question was designed to get her ground for saying that it was a reasonable charge. What the deceased may have told her he was going to pay her, assuming, but not

deciding, it to be competent to give the conversation, was not responsive. He may have been willing to give her much more than a reasonable amount. But beyond this the testimony was clearly incompetent under the provisions of section 829 of the Code of Civil Procedure. The respondent practically admits this, except that it is urged that the defendant, by cross-examining the plaintiff, opened the door to this testimony, much of the same class of testimony appearing in the case, and evidently received upon the same theory. It is true, of course, that the objection is technically to the competency of the witness, but in the case now before us the witness was not offered for the purpose of testifying to the conversation. She was there as a witness in her own behalf. She had testified on direct examination, and was under cross-examination. Defendant's counsel was not her sponsor. He had a right to have his questions answered properly, and he had not invited her to tell of any conversations with the deceased. When she intruded an answer which under the law she had no right to make, the defendant had no other remedy than to move to strike it out, and it was error on the part of the court to deny this motion, unless the defendant had opened the door to this line of testimony. This he had not done, for he had not examined the executor in his own behalf concerning this same transaction or communication, and it is only in such cases that the statute makes any exception. Section 829, Code Civ. Proc., Motz v. Motz, 85 App. Div. 4, 6-7, 82 N. Y. Supp. 926, and authority there cited. Even if the defendant had called the executor and the plaintiff had called out the matter on cross-examination, it would not open the door, and it certainly cannot when the plaintiff, called in her own behalf, intrudes matter on cross-examination which she was not invited to give by any fair construction of the question.

The judgment appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.