ERASTUS CORNING, Respondent, *v.* JAMES T. WALKER, Appellant.

100  547
125  399

Where a party, who is excluded by the Code of Civil Procedure (§ 829) from testifying in his own behalf as to a personal transaction with a deceased person, upon cross-examination of the adverse party draws out testimony in regard to such transaction, this does not bring him within the exception to the prohibition and permit him to testify; as in such case the adverse party is not " examined in his own behalf " within the meaning of the exception.

In an action brought by plaintiff as assignee of an account for moneys alleged to have been loaned to defendant by a firm in which C., who died before trial, and plaintiff were partners, in which action, defendant, as a defense, alleged that the moneys were in fact paid to him for services rendered the firm, plaintiff offered in evidence the books of the old firm whereon the account appeared. He was also examined as a witness in his own behalf and testified that neither he nor the company ever authorized any money to be advanced to defendant by way of payment for his services; in answer to questions on his cross-examination, he testified that he knew there could have been no arrangement between defendant and C., as to payment for defendant's services, from what C. told witness. *Held*, that this did not authorize defendant to be examined as a witness as to an arrangement between him and C. under which he received the money in question; that the cross-examination was not necessary to explain any thing testified to on the direct examination.

*Lewis* v. *Merritt* (98 N. Y. 206), distinguished.

Also *held*, it was competent for plaintiff to prove that defendant had not been on the pay-roll of the corporation for a number of years.

It appeared that defendant had taken out patents for certain machines for making horseshoes, which he had invented. Plaintiff claimed that the firm and corporation had paid all the expenses of manufacturing the machines and various changes in them, under an agreement by which they were to have the use of the machines if the invention proved useful. Defendant claimed that the funds required for his personal expenses were to be included. Plaintiff was permitted to prove, under objection and exception, that large sums were expended in the manufacture which were charged to " the horseshoe account," while the moneys in question were charged against defendant in his individual account, which facts were well known to him. *Held* no error.

(Argued October 28, 1885; decided November 24, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made December 16, 1882, which affirmed a judgment

in favor of plaintiff, entered upon the report of a referee. (Reported below, 28 Hun, 435.)

This action was brought to recover on two accounts for moneys lent.

The first account was for moneys alleged to have been advanced at different times between June 8, 1869, and February 23, 1875, to the defendant by a partnership known as "The Albany Iron Works," the partners being the late Erastus Corning and the plaintiff. The partnership being terminated by the death of the former plaintiff, the survivor assigned the account to Townsend Fondey, who assigned it to the plaintiff. The second account was for moneys alleged to have been advanced at different times between March 29, 1875, and October 24, 1878, by a corporation known as "The Albany and Rensselaer Iron and Steel Company," which assigned the account to Townsend Fondey, who assigned it to the plaintiff. The answer set up that the moneys were had by the defendant as payments and not as loans. The theory of the defense was that defendant had invented certain machines for manufacturing horse-shoes, the use of which the company and the corporation were desirous of obtaining, and so agreed to pay the expenses, and while he was engaged in the inventions and in perfecting the machines advanced the moneys in question as part of the expenses. Plaintiff conceded that the expenses of manufacturing and changing were to be and were so borne, but that defendant was to pay his own personal expenses, and that the moneys were advanced for that purpose. The books of the firm and the corporation were introduced in evidence, and plaintiff was permitted to prove, under objection and exception, that large sums were expended in manufacturing machines under eight patents which had been obtained by defendant which were charged in an account called "the horse-shoe account," while the moneys in question were charged to the defendant in an individual account against him. It also appeared that defendant knew of this manner of keeping the accounts.

Plaintiff, as a witness in his own behalf, testified as follows: "Neither myself nor the company ever authorized any money

to be advanced to him by way of payment for his services."
In answer to questions put to him on his cross-examination he
testified, "I know there could have been no arrangement
between defendant and the late Erastus Corning as to pay-
ment for defendant's services, from what Mr. Corning told me,
and I had entire charge of his business." Defendant there-
upon was called as a witness in his own behalf, and offered to
show that in 1868 he made an arrangement with the deceased
Mr. Corning, which was in substance that he was to procure
the necessary patents and superintend the construction of the
machines, the expenditures and a suitable salary to defendant
to be paid by the Albany Iron Works; that the defendant was
to draw out the salary he wanted for his personal expenses,
Mr. Corning reserving the right to stop him if he drew too
much. This evidence was objected to as incompetent under sec-
tion 829 of the Code of Civil Procedure, and was rejected.
Defendant duly excepted.

Plaintiff was also allowed to prove, under objection and ex-
ception, that defendant had not for the last sixteen years been
on the pay-roll of the firm or the corporation.

Further facts appear in the opinion.

*Nathaniel C. Moak* for appellant. The books of the
Albany Iron Works, read in evidence by plaintiff against
defendant, were evidence "inferentially" in connection with
that given by Erastus Corning, Jr., and rendered defendant's
evidence competent to discharge himself from the liability thus
established against him (*Lewis* v. *Merritt*, 98 N. Y. 210;
*Penney* v. *Orth*, 88 id. 447; *Marsh* v. *Brown*, 18 Hun, 319.)
That defendant proposed a clause settling prior differences or
claims, and that plaintiff's assignor refused to assent, was noth-
ing more than a written instead of an oral proposition or nego-
tiation for a settlement, and was incompetent and inadmissible.
(*Payne* v. *Forty-second Street R. R. Co.*, 40 N. Y. Super. Ct.
8, 14; 2 Whart. Ev., § 1090.) A proposed agreement, neither
signed nor assented to, is inadmissible against either party, and
its admission is ground for a new trial. (*Flood* v. *Mitchell*,

68 N. Y. 507.) The erroneous admission or rejection of evidence which bore in the slightest degree upon the question at issue is ground for a new trial. (*Carroll* v. *Dimel*, 95 N. Y. 252; *Anderson* v. *Rome, etc.*, 54 id. 334; *Worrall* v. *Parmerlee*, 1 id. 519; *People* v. *Haynes*, 55 Barb. 456.)

*Amasa J. Parker* for respondent. The offer to prove by the testimony of the defendant what had been said between such defendant and Erastus Corning, deceased, was properly excluded. (Code of Civ. Pro., § 829.) The evidence that the money was lent is conclusive. (*Black* v. *White*, 42 N. Y. Super. Ct. 446.)

MILLER, J. No error was committed by the referee in the exclusion of evidence of defendant's arrangement with Erastus Corning Sr., as to the terms under which defendant received the moneys for which the recovery was had in this action.

The evidence offered involved a personal transaction between the defendant and a deceased person and clearly came within the prohibition contained in section 829 of the Code of Civil Procedure. The plaintiff had offered in evidence the books of account of the old firm and of the corporation. The plaintiff had testified that neither he nor the company ever authorizd any money to be advanced to the defendant by way of payment for his services. Upon a cross-examination by the defendant's counsel the plaintiff had also testified, among other things, "I know there could have been no arrangement between defendant and the late Erastus Corning as to payment for defendant's services, from what Mr. Corning told me, and I had entire charge of his business." It is claimed that what plaintiff testified to on the cross-examination was necessary to explain what he had previously testified to on his direct examination, and hence the evidence offered was competent. We think the testimony offered was not competent on any such ground. The defendant was not required to examine the witness in order to explain his testimony upon the direct examination, by introducing evidence as to the declarations of Mr. Corning Sr., and by doing so did not open the door to the introduction of con-

versations had by him with a deceased person. Even if it may be assumed that this testimony related to the same subject in regard to which the plaintiff had given evidence, it was not given by the plaintiff in his own behalf so as to authorize a contradiction of the same. It was drawn out on a cross-examination by the defendant's counsel and cannot therefore be considered to have been given on behalf of the plaintiff and for that reason could not properly be contradicted. There is no rule which authorizes a party to contradict evidence given by his adversary, as to a transaction with a deceased person, which he has himself introduced, and the Code does not provide for any such case. The testimony being introduced by the defendant himself he was not authorized to contradict it by showing an interview with a deceased party in relation to the same subject.

It may be added that it is not apparent that the introduction of the books of the firm in connection with the testimony given by Erastus Corning, Jr., furnished any ground for the cross-examination of the witness in reference to a conversation had between him and a deceased person, or rendered the evidence offered competent for the purpose of exonerating him from the liability established by the proof given. The testimony offered was indefinite and did not of itself include any conversation with a deceased party or purport to relate to the evidence which had been given, and in this respect it was also liable to objection.

The case of *Lewis* v. *Merritt* (98 N. Y. 209) cited by the appellant has no application.

The evidence that the defendant had not been on the pay-roll of the partnership or corporation for a number of years, was competent as a part of the *res gestœ* and tended to prove that he was not in their employment.

Evidence was introduced and received under objection and exception to prove that large sums had been expended by the company in manufacturing different machines, which were charged to the horse-shoe account. This proof bore upon the question of fact to be decided. The defendant had previously

proved that he had taken out eight patents for the different machines he had invented, and it had been proved, without objection, that the company had paid for all the machines and changes in them. The character and extent of the work and the distinction which was made between the horse-shoe account and the private account of the defendant, which were well known to the defendant, were circumstances relating to the transaction between the parties, and hence the evidence was competent. No other question demands comment.

The judgment should be affirmed.

All concur.

Judgment affirmed.