MOTZ v. MOTZ et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. EXECUTRIX—ACTION FOR MONEY LOANED BY TESTATOR—EVIDENCE OF LOAN
   —SUFFICIENCY.
       Evidence in an action by an executrix to recover money loaned by the testator as evidenced by a written instrument considered, and *held* sufficient to take plaintiff's cause to the jury on the fact of a loan.

2. WITNESS—TRANSACTIONS WITH DECEASED PERSON—PROPRIETY OF QUESTION.
       Under Code Civ. Proc. § 829, a question asked a party as to whether he had any money transactions with a decedent is too broad, the executrix having testified to but one transaction.

3. SAME—EXAMINATION OF PERSONAL REPRESENTATIVE IN HIS OWN BEHALF.
       Under Code Civ. Proc. § 829, a party's evidence as to a transaction with a decedent, concerning which an executrix has testified only on cross-examination, is inadmissible.

Appeal from Queens County Court.

Action by Elizabeth Motz, as executrix of the last will and testament of Jacob Motz, deceased, against George Motz and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

John J. Gleason, for appellants.
Clarence Edwards, for respondent.

HOOKER, J. This is an action by an executrix to recover for moneys had and received from the testator, her husband. She testifies that the defendant Mary, the wife of the defendant George Motz, gave a writing to the testator in her presence, and said it was for "the $1,800 at four per cent." The writing was found among the papers of the testator after his decease, and reads as follows:

"College Point, L. I., Sept. 27, '99.
"We the undersigned certify that we received from Mr. Jacob Motz $300 for one house and $1,500 for the other, making a total of $1,800, paying 4 per cent. interest.                                    George Motz.
                                                    "Mary Motz."

The plaintiff further says that she heard a talk between her husband and the defendant George Motz about a mortgage. Her evidence on that subject is as follows: "My husband said that George Motz should make a mortgage for the $1,800 at 4 per cent. * * * He said he had no money, but as soon as he had money [to pay for drawing the mortgage] he would make it." It appears that the last interest defendant George Motz paid was $36 on July 4, 1900. On cross-examination she testified without objec-

tion that she knew of moneys that her husband gave to the defendant George Motz, and was always present when such moneys were given; that she could not remember the exact occasions, but that these transactions were always in her presence, at her home. At the close of the plaintiff's case separate motions were made by each of the defendants for dismissals as to them respectively. These motions, we think, were properly denied. Upon his direct examination the defendant George Motz was asked, "Did you have any money transactions with your father?" This was objected to, the objection was sustained, and the defendants excepted. This question was too broad to be competent. Judge O'Brien, speaking for the court, in Martin v. Hillen, 142 N. Y. 140, 36 N. E. 803, says:

"Section 829, Code Civ. Proc., recognizes the right of a party suing as executor or as administrator to testify in his own behalf to a personal transaction or communication between the witness and the deceased, if it is otherwise competent. In that case the adverse party may also testify against the executor or administrator, but the testimony, if it involves a personal transaction or communication with the deceased, must be confined strictly to the same transaction or communication to which the executor or administrator has already testified in his own behalf."

Had the witness been able, it would have been competent for him to have testified in relation to the transaction between the deceased and the defendant George Motz, where the matter of drawing the $1,800 mortgage was discussed; but, as this was the only transaction between the deceased and the defendant George to which the executrix testified on her direct examination, it was incompetent for George Motz to testify as to the character of any other transaction he had with the deceased. The witness was the son of the deceased, and must naturally have had other transactions or communications with his father. The same witness was also asked on his direct examination, "Did your father, in the presence of your mother, hand you moneys as she testified to?" and also, "Was she present on any occasion when your father handed you any money?" These questions were excluded, and we believe the ruling of the trial court to be correct. It is true that the plaintiff testified to saying her husband handed moneys to the defendant George Motz, but this evidence was elicited on her cross-examination. The language of the exception in the statute is, "Where the executor * * * is examined in his own behalf * * * concerning the same transaction or communication." In relation to this transaction she cannot be said to have been examined in her own behalf, and the defendants should not be permitted to open the door in this manner. The case of Corning v. Walker, 100 N. Y. 547, 3 N. E. 290, is in point and controlling on this proposition. The other rulings of the court upon questions of admissibility of evidence in this connection must be approved upon the same grounds.

We are of opinion that none of the other exceptions presents any error, and the judgment and order of the County Court should be affirmed, with costs. All concur.