R. L. SORRELL v. J. C. McGHEE AND R. L. McGHEE, ADMINISTRATORS.

(Filed 15 October, 1919.)

1. **Evidence—Deceased Persons—Transactions and Communications—Executors and Administrators—"Against Interest"—Statutes.**

In an action upon an account with the deceased, against his son and administrator, the plaintiff introduced his ledger, kept in his own handwriting, showing the balance claimed to be due, and offered to show by the defendant that both the defendant and his intestate knew in the latter's lifetime of this balance shown on the ledger to be due; that then the defendant made a partial payment thereon and promised to return and get a statement of the account, which he failed to do: *Held,* this evidence, offered through the defendant, was against his interest, and not incompetent under the statute, and its exclusion was reversible error. *Bunn v. Todd,* 107 N. C., 266, cited and applied.

2. **Same—"Open Door."**

Where the defendant, administrator of the deceased, is put upon the stand by the plaintiff and forced to testify against his interest in an action upon an account with the deceased, the admission of this testimony is not objectionable on the ground that it would open the door to other and incompetent transactions and communications with a deceased person, prohibited by the statute, this being the result only when the defendant has voluntarily testified in his own interest.

3. **Evidence—Deceased Persons—Transactions and Communications—Interest of Witness.**

A tenant of a deceased person who has settled with the deceased for goods bought by the former on the latter's account, who is not sought to be held liable in the plaintiff's action against the administrator of the deceased, is not interested in the event of the action, and is not prohibited by the statute as to communications or transactions with a deceased person, from testifying to the sale and delivery of the goods set out in the statement of the account sued on, and the exclusion of such testimony is of material evidence and constitutes reversible error.

APPEAL by plaintiff from *Allen, J.,* at May Term, 1919, of WAKE.

This is an action to recover $54.66 alleged to be due by account for goods sold and delivered, commenced before a justice of the peace, and heard on appeal in the Superior Court.

The plaintiff introduced evidence showing that he was a farmer and also had a gin and store, and he produced upon the trial his account book or ledger in which he kept the account against the intestate of the defendants in his own handwriting. This book was excluded upon the trial.

There are several exceptions to the exclusion of evidence which will be referred to in the opinion.

At the conclusion of the evidence his Honor entered judgment of nonsuit, and the plaintiff excepted and appealed.

*W. G. Briggs attorney for plaintiff.*
*R. N. Simms attorney for defendants.*

ALLEN, J. In *Bunn v. Todd,* 107 N. C., 266, the present Chief Justice gives an accurate and valuable analysis of section 1631 of the Revisal, as follows:

It disqualifies—Whom:

1. Parties to the action.

2. Persons interested in the event of the action.

3. Persons through or under whom the persons in the first two classes derive their title or interest.

A witness belonging to one of these three classes is incompetent only in the following cases:

When.—To testify in behalf of himself, or the person succeeding to his title or interest, against the representative of a deceased person or committee of a lunatic, or any one deriving his title or interest through them.

And the disqualification of such person, and in such instances, is restricted to the following:

Subject-matter.—A personal transaction or communication between the witness and the person since deceased or lunatic.

And even in those cases there are the following

Exceptions.—When the representative of or person claiming through or under the deceased person or lunatic is examined in his own behalf, or the testimony of the deceased person or lunatic is given in evidence concerning the same transaction.

This is a guide and standard for determining the competency of evidence under this section, and when properly applied, we are of opinion error has been committed in the exclusion of evidence, which entitles the plaintiff to a new trial.

The plaintiff offered evidence tending to prove that he kept his account against the intestate of the defendant in a book at his store, and he then called one of the administrators and a son of the intestate and he offered "to show by the witness, who is a defendant in this action, that in the lifetime of his father, and a short time before his death, the witness went to the store of the plaintiff for his said father and made a part payment on this specific account in this particular ledger, taking a written receipt therefor from plaintiff, and then and there setting a

day when he would return and get a statement of the amount of balance his said father owed, but never did so; and further, to show that this account was known by the witness and the deceased to exist and to be due the plaintiff."

This evidence was excluded, and plaintiff excepted.

The witness is a party but he was testifying against his own interest and not in his own behalf, and he is therefore not excluded by the statute.

"In *Tredwell v. Graham, supra,* it was said that, 'Notwithstanding the statute, a party may be called to testify touching a transaction of the opposite party when it is against his own interest.' In *Weinstein v. Patrick,* 75 N. C., 344, *Justice Reade* said that 'It would seem that there could be no objection against allowing a witness to testify against his own interest.' It is not within the spirit or letter of the statute, as his own interest is supposed to be a sufficient protection for the opposite party against false or fabricated testimony. This appears to be well settled by the cases." *Seals v. Seals,* 165 N. C., 412.

The apprehension of the defendant that if we permit a plaintiff to call an administrator as a witness it will open the door to testimony of the plaintiff, which would otherwise be incompetent, is groundless, as this result only follows when the administrator is a voluntary witness testifying in his own behalf and not when he is forced upon the witness stand to testify against his interest.

The plaintiff also introduced Eli Thompson and offered to prove by him that he was a tenant of the intestate during the years 1916 and 1917 and lived on the farm with him; that the intestate furnished him from the store of the plaintiff, and offered to show the sale and delivery by the plaintiff to the witness of articles of merchandise which were charged in the account against the defendant.

This was objected to, and the plaintiff excepted.

The witness stated, without objection, that he had settled in full with the intestate for all he owed him.

This witness is not a party to the action, and as the record now stands he is not interested in the event of the action, as it does not appear that the plaintiff has any charge against him or holds him in any way responsible for any part of the account.

The evidence was material, and we see no reason for its exclusion as the witness does not come within any of the prohibitions of the statute.

These errors are material, and a new trial is therefore ordered.

Reversed.