ATLEY v. ATLEY, Excr. et al

Ohio Appeals, 1st Dist., Clinton Co.

No. 64. Decided June 22, 1925

485. EXECUTORS AND ADMINISTRA-TORS—Though party is not permitted to testify, when adverse party is an executor or administrator, a claim having been made and rejected, the executor may call the party as a witness; and it follows that heirs or creditors may do likewise.

225. CHARGE TO JURY—Stated that if "some changes were made in note, the plaintiff cannot recover." Held to be prejudicial and erroneous because plaintiff should have been given benefit of the presumption of law that if a change was made, it was made prior or at the time of execution of the note.

CUSHING, J.

Nelia Atley brought an action against C. Allen Atley, as executor of the estate of Evaline Atley, deceased, Elia Garber, Ellen Drake, Rebecca Stotler, and Effie Sprague, in the Clinton Common Pleas to recover on a promissory note executed by Evaline Atley, dated April 25, 1922, and due in one year from its date. The plaintiffs and defendants were brothers and sisters, children of Evaline Atley.

It was claimed by some of the defendants that the note was changed by increasing the amount from $195 to $3195. The case was tried to a jury and it returned a verdict in favor of the executor, and judgment was entered thereon. Error was prosecuted and it was claimed by Nelia Atley that error was committed in calling her as a witness. The Court of Appeals held:

1. Elia Garber and the other defendants were necessary parties to the action and 10724 GC. provides that such defendant shall have the right to plead and make any defense that the executor or administrator could make. The executor did not actively participate in the trial; the other defendants calling Nelia Atley to the stand for cross-examination.

2. A party, under 11495 GC., is prohibited from testifying when the adverse party is an executor or administrator, but this does not apply when the executor calls such party as a witness.

3. The question is whether the defendants other than the executor, may call an opposite party the same as such executor. If they are necessary parties under 11725, they have a right to make the same defense that the executor could make and it follows that they would have the same authority to call witnesses.

4. The court in its charge to the jury stated: "Upon the issues, the defendants have the burden of establishing by a preponderance of the evidence, these facts:—(1) that the amount originally payable in the note has been changed, (2) that such change occurred after execution and delivery - - - - -. If defendants have established by a preponderance of the evidence, as defined, in the amount payable in said note, then the note is void and the plaintiff cannot recover thereon, even if the original amount was legitimate."

5. This does not correctly state the rule of law in such cases for where it is claimed by a defendant in an action on a note, that it has been altered since its execution and delivery, the burden is upon him to prove it was so altered; the presumption being, in absence of anything to the contrary that any alteration on the face of the paper was made at or before the time of its execution. 48 OS. 296.

6. The court not only failed to call the jury's attention to this presumption, but its charge was misleading in that it stated: "If some change was made in the note, then the plaintiff cannot recover."

7. Whether the change in the note had been made prior to or at the time of the execution of the note, was not submitted to the jury and Nelia Atley should have been given the benefit of the presumption of law that such change was made at or beroe the execution and delivery of the note.

8. There was error in the court's charge prejudicial to Nelia Atley, and for that reason the judgment will be reversed.

Judgment reversed and cause remanded.

Attorneys—C. W. Swain for Nelia Atley; Smith, Rogers, & Smith and Doan & Cartwright for C. A. Atley, Exc. et.; all of Wilmington.