## No. 148

### OTT, Admr. v. ARMOUR & CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1471. Decided Dec. 4, 1926

208. CARE—Where company has knowledge that gas pipes lie under street upon which salt water is thrown, which causes a corrosion of the pipes, leaks, and finally an explosion, said company owes a duty to exercise ordinary care in preventing corrosion of the pipes.

923. PLEADINGS—Petition is sufficient to show a duty when facts plead raise such an inference.

First Publication of this Opinion

ALLREAD, J.

Elizabeth Ott, Admrx. filed her suit in the Franklin Common Pleas seeking to hold Armour & Co. for alleged negligence arising from an explosion of natural gas whereby Frederick Ott was killed. The case was submitted on demurrer to the petition, the demurrer being sustained and final judgment rendered. Ott, the administratrix, seeks a reversal of that judgment.

The facts are that the company had for many years in the course of its business dumped salt water onto the street, which seeping underground so corroded the gas mains that they leaked thereby causing gas to escape into the building where Ott worked which exploded, causing Ott's death. The company contends that the petition is defective because it fails to show any duty upon it owed to Ott which it had failed to perform and that the alleged facts of negligence if they were such, were not the proximate cause of Ott's death. The Court of Appeals held:

1. No doubt, actionable negligence must be founded upon some legal duty, so that it is necessary to inquire as to the rights of the decedent and as to the duty of the company under the circumstances set forth.

2. It is true that the emptying of salt water onto the streets would not of itself be unlawful or constitute a violation of the company's duty towards Ott.

3. What is entirely lawful under one set of circumstances, may not be under another and one is not only required to observe the statutory provision but must go further and fulfill the obligations of reasonable care under the common law. 76 OS. 104.

4. The knowledge charged against the Company that it knew of the gas main implied a knowledge of the damages of leaking gas and therefore it was under a duty to use ordinary care to prevent corrosion of the pipes and prevent injury to anyone not a trespasser or otherwise acting lawfully.

5. The petition is sufficient for the duty arises as a necessary inference from the facts plead. 113 OS. 591.

6. We are also of the opinion that the petition is sufficient to show that the negligence of the company was the proximate cause of the injuries to and death of decedent unless other facts rebut this averment.

(Allread, Ferneding, JJ., and Williams, J., concur.)

Attorneys—Clark V. Campbell and Phil S. Bradford for Ott, Admrx; Clarence M. Addison for Company; all of Columbus.

## No. 149

### CROWE v. VICKERY, Admr. d. b. n.

Ohio Appeals 8th Dist., Cuyahoga Co.

No. 7581. Decided Jan. 6, 1927

1162. TESTIMONY—Sec. 11495 GC., which provides that testimony of facts happening before decedent's death are inadmissible may be waived by the personal representative and when they are so waived the trial court must enter judgment upon such testimony.

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

First Publication of this Opinion

SAYRE, J.

Thomas Crowe brought his suit in the Cleveland Municipal Court against Jesse Vickery administrator d. b. n. to recover for services rendered as manager of a grocery store for Catherine Meyers, deceased. A claim had been presented to the administrator which had been disallowed. Crowe's deposition has been taken in New York and was read at the trial, stating what services he had rendered, his salary for such services, etc. Judgment was rendered for Vickery and error is prosecuted to the Court of Appeals which held:

1. The evidence offered by deposition was clearly inadmissible in view of 11495 GC., which declares a party shall not testify when the adverse party is an administrator except to facts which occurred after the time the decedent died.

2. If the trial court rendered judgment against Crowe because he refused or had a right to refuse the testimony, the judgment is correct; but if he considered the testimony which was undisputed, his judgment is erroneous.

3. The question then is, if the defendant is an administrator, and the opposite party testifies to facts which occurred prior to decedent's death and there is no objection to it on the part of the administrator, should it be treated the same as evidence of a competent witness or should it be disregarded?

4. That it is not the design of the statute to place an absolute and insuperable barrier to a party testifying as to facts occurring before decedent's death, when the adverse party is executor or administrator; and that the exclusion of the evidence is a privilege which the executor or administrator may waive derives force from an examination of the third exception to 11495 GC. 44 OS. 602.

5. So while the statute is for the protection of estates of deceased persons it may be waived and if such waiver often results in preventing injustice, the courts may well leave it to the personal representative to decide whether or not he will claim such protection. If no objection is made to the testimony it must be treated as other competent testimony.

6. The trial court should have considered the evidence of Crowe contained in the deposition, and since he must have refused to do so, the judgment is erroneous and will be reversed.

Judgment reversed.

Attorneys—Leroy C. Lancer for Crowe; Vickery & Vickery for Estate; all of Cleveland.