HICKOX v ROGERS ADMX, et.

Ohio Appeals, 6th Dist, Lucas Co

No 2069. Decided Dec 10, 1928

P R Taylor, Fraser, Hiett, Wall & Effler and Stephen Brophy, all of Toledo, for Hickox.

Smith, Beckwith, Ohlinger & Froehlich, Toledo, and Ray D Avery, Bowling Green, for Rogers.

RICHARDS, J

During the trial of the case Mrs. Rogers was called by the plaintiff for cross-examination and was asked, on cross-examination, concerning a conversation she had with Hickox during her father's lifetime regarding the purchase of the stocks made by Hickox. In answer to questions put to her on cross-examination, she stated that Hickox mentioned the number of shares purchased but said nothing about the division of profits and nothing in regard to his compensation. Thereafter counsel for plaintiff called his client for examination and asked him in regard to the same conversation about which Mrs. Rogers had testified. The plaintiff stated in response to questions asked by his attorney, and over objections of defendant's attorneys, in substance, that Raydure had instructed him to buy the stock and that they would split the profits fifty-fifty, and that this arrangement was made with him. We think this testimony is not competent. It is claimed to be competent because Mrs. Rogers had testified regarding the same conversation, but this testimony from her was brought out on cross-examination by plaintiff's counsel. It is not permissible for an attorney representing a client who is disqualified from testifying on a given matter because of the fact that the opposing party is administrator or executor, to call the administrator or executor and ask her in regard to the conversation and thus attempt to make competent the testimony of his client. The protected party may waive the protection of the statute, but the adverse party cannot create a waiver by cross-examining the representative and thus qualify his client.

Loeb, et al. vs. Stern, Admx., 198 Ill., 371; Metz, Exrx. vs. Metz, et al., 85 App. Div., 4; Crafton vs. Inge, 124 Ky., 89; 4 Jones on Evidence, pp. 768, 770, Ed. 1914.

While we are of opinion that this testimony is incompetent, yet, even with

that testimony in the case, we still hold that the plaintiff has wholly failed to establish a claim to an interest of any kind in the stocks purchased by him.

A decree will therefore be rendered for defendants.

Williams and Lloyd, JJ, concur.