Robinson, J.
 

 The parties are in the same relative position here as in the trial court.
 

 This is an action against an executrix to recover money claimed to be due the plaintiff from the estate of A. C. Barnard, deceased, upon two causes of action.
 

 The first cause of action is for the sum of $5,-372.18, with interest, claimed to be due the plaintiff from such estate upon a sale by the plaintiff to the
 
 *207
 
 decedent of his interest in a certain business, at the price of the investment of the plaintiff in such business.
 

 The second cause of action is for the sum of $632, premiums on insurance issued to the decedent by the insurance agency of the plaintiff, upon which cause of action a judgment was permitted in the trial court, and no error prosecuted therefrom, and it is only significant in this review because of certain inquiries propounded to the plaintiff by the defendant at the trial.
 

 At the trial there were two issues of fact with reference to the first cause of action: An issue whether a sale had been consummated; and, if consummated, an issue of the amount invested by the plaintiff in the business.
 

 At the trial plaintiff was a witness in his own behalf, and testified to his original entry boohs of account, the presentation of his claim to the executrix, and its disallowance, and was not entitled or permitted to testify further in chief.
 

 The defendant, to maintain the issue on her part, called the plaintiff for cross-examination, and inquired of him with reference to a certain written addition made by the decedent to a statement of insurance account furnished by plaintiff to decedent, in which addition decedent cre'dited himself on such account with the payment of $700. The addition to the account tended to prove that plaintiff had not invested in the business the sum claimed by. him in his petition. This account, when offered as an exhibit, was excluded by the court, but the examination of the plaintiff in reference thereto stood.
 

 The defendant, further, in her cross-examination
 
 *208
 
 of the plaintiff, inquired of him with reference to a certain check issued in his favor by the decedent for the sum of $94.67, eliciting from him the admission that he had received and cashed the check and that $94.67 was the difference between the total of the insurance account and $700. This check was not admitted in evidence, but the examination of the plaintiff with reference thereto stood.
 

 The defendant further, in her cross-examination of the plaintiff, inquired of him with reference to a certain other statement of account, and elicited from him the admission that he had prepared the statement, and the probable time and circumstances of its delivery to the decedent. This statement of account was admitted in evidence as an exhibit, and on its face showed payments by the plaintiff to the decedent, in money and otherwise, of the exact sum of $5,000, and manifestly, although not appearing upon the exhibit itself, had reference to the investment which the plaintiff claimed he had made in the business, and was at variance with the account sued upon.
 

 The plaintiff was not a competent witness in his own behalf in chief to any of the transactions above referred to.
 

 In rebuttal, plaintiff offered to testify generally upon all subjects relative to the issues in both causes of action, and was not permitted to so testify, but was permitted, in so far as he saw fit to pursue the subject, to testify to the same transactions inquired of him by the defendant. Plaintiff saved his exceptions.
 

 The question here presented is whether the executrix, by her cross-examination of the plaintiff with
 
 *209
 
 reference to certain relevant transactions of the plaintiff with the decedent, thereby waived the incompetency of the plaintiff as a witness and made him thereafter'competent to testify to every matter relevant to the issue in the case of which he had knowledge, or whether such cross-examination only made him competent to explain and fully disclose the particular transactions inquired of him by her.
 

 At common law the party to an action was not a competent witness at the trial thereof in his own behalf, and a person interested' in the result of the action, although not a party, was likewise incompetent; but the testimony of a party, or of an interested person, could be admitted by the consent of the adverse party.
 

 The common law in that respect has been abrogated by statutory provision. By Section 11493, General Code: “All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
 

 To this general statutory rule, however, there are certain statutory exceptions, among which is that found in Section 11495: “A party shall not testify when the adverse party is * * * an executor * * * of a deceased person.” And to this exception there are certain exceptions which it is claimed furnish the rule which denied to the plaintiff the right to testify generally upon re-examination to all the relevant issues of the case. Paragraph 3 of that section, enumerated as an exception, provides: “If a party, or one having a direct interest, testifies to transac
 
 *210
 
 tions or conversations with another party, the latter may testify as to the same transactions or conversations.” Manifestly that paragraph has no relation to the situation developed in this case. That section, applying it to this case, provides that if the executrix or a beneficiary under the will, or other person directly interested in the result of the litigation, had testified to a transaction or a conversation with the plaintiff, the plaintiff could then testify as to the same transaction or conversation. Paragraph 4 of this same section, enumerated as an exception, provides: “If a party offers evidence of conversations or admissions of the opposite party, the latter may testify concerning the same conversations or admissions.” And applying it to the instant case, it provides that if the defendant had offered evidence by any one, which, of course, includes the plaintiff, of conversations 'or admissions of the plaintiff, the plaintiff might thereafter testify fully concerning the same conversations, admission's, or transactions.
 

 The rule provided in that section, as applied to the examination of the adverse party, is but declaratory of the common-law rule applicable to any witness; that is, that a witness, whether he be a party or not, upon cross-examination or re-examination, may explain and enlarge any response that has been elicited from him in chief, or upon cross-examination, and does not at all relate to the question of waiver of the incompetency of a party to testify as a witness.
 

 It has been held, notwithstanding the general rule that statutes in derogation of the common law will be strictly construed, that statutes abrogating the common-law rule with reference to the right of a
 
 *211
 
 party to an action to testify are enlarging and not restraining in effect, and that they do not render any person incompetent who would have been competent before their enactment.
 
 Curry
 
 v.
 
 Curry,
 
 114 Pa., 367, 7 A., 61;
 
 Pratt
 
 v.
 
 Patterson,
 
 81 Pa., 114;
 
 Sheetz
 
 v.
 
 Hanbest’s Exrs.,
 
 81 Pa., 100.
 

 Pennsylvania has enacted a declaratory statute that, where a party to an action examines the generally incompetent adverse party, to any extent, upon any subject or matter of which he was not before such examination a competent witness to testify, his incompetency is thereby waived, and he thereafter becomes a competent witness to testify in his own behalf upon all subjects relevant to the issue of which he has knowledge. Our Section 10214, General Code, requires that “the provisions of part third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice.” The sections herein construed are found in “part third.”
 

 The object and purpose of Section 11493 is to abrogate the common law in respect to incompetency .of witnesses, and to' make all persons having sufficient mentality and comprehension competent to testify in all cases. The object of Section 11495 is to limit the right conferred by Section 11493 in its application to parties adverse to executors and persons suing or defending in a similar representative capacity. It is an exception to Section 11493, and, in so far as it is an exception to the general rule so enacted in Section 11493, it will be strictly construed; that is, it will not be construed to limit the right conferred by Section 11493 to any greater extent than is therein plainly expressed, and inferences will not be indulged.
 

 
 *212
 
 Paragraphs 3 and 4 of Section 11495 are express exceptions to the limiting provisions which are found in the first and unnumbered paragraphs of that section, and therefore, being exceptions to an exception, they, like Section 11493, have for their purpose the enlarging and not the restricting of the right of a party to an action to testify. The doctrine of
 
 “ expressio unius est exclusio alterius,”
 
 which is applicable to the first and unnumbered paragraph of Section 11495, is not applicable to any of the exceptions or numbered paragraphs thereof.
 

 The clauses found in paragraphs 3 and 4, “the latter may testify as to the same transactions or conversations,” and “the latter may testify as to the same transactions or admissions,” were not enacted for the purpose of limiting the right to testify arising out of a waiver, but were enacted to extend the right to testify where such right does not arise out of a waiver. For instance, under paragraph 4 the defendant was entitled to offer evidence of conversations or admissions of the plaintiff by a witness, or witnesses,- other than the plaintiff, and the offer of such evidence would not have constituted a waiver; and, in the absence of paragraph 4, if the conversations or admissions had occurred prior to the death of the testator, the plaintiff would not have been entitled to testify of such conversations or admissions; and if paragraph 4 were to be construed as the measure of the right of the plaintiff to testify further, when the defendant had used him to prove admissions, conversations, or transactions with the decedent, such construction would make of that paragraph a limitation rather than an extension of such right, and would require the indulgence
 
 *213
 
 of the inference that hy the designation of the right to testify to the same transaction the Legislature intended to exclude the right to testify to any other transaction.
 

 This court, long before the enactment of Sections 11493 and 11495, General Code, had the subject of waiver of the incompetency by cross-examination of the adverse party as a witness under consideration in the case of
 
 Legg
 
 v.
 
 Drake,
 
 1 Ohio St., 286. At that time the common-law rule had not been abrogated in this state, but shortly prior thereto the Act of March 23, 1850 (48 Ohio Laws, 33), had been passed. That act provided: “A party to any action at law, in any of the courts of this state, may be examined as a witness by the adverse party, or by either one of several adverse parties; and for that purpose may be compelled to attend at the trial.” It further provided: “No persons offered as a witness shall be excluded by reason of his or her interest in the event of the action; but this section shall not apply to a party to the action, nor to any party for whose immediate benefit such action is prosecuted or defended, nor to any assignee of a thing in action, assigned for the purpose of making him a witness.”
 

 At the trial a witness (Ferguson) who was not a party to the litigation was called and related a conversation between the plaintiff and defendant, at a certain blacksmith shop, pertaining to the subject of exchanging certain horses; but the witness did not know whether the conversation related to the particular transaction involved in the litigation. Whereupon the plaintiff called the defendant and inquired of him of the time when and the place where
 
 *214
 
 the trade took place, and of the identity of the horses traded, and thereby connected the evidence of the witness Ferguson with the particular transaction in issue at the trial. On cross-examination defendant’s counsel sought to have the defendant state the terms of the transaction, to which an objection was. sustained. This court held: “ Where a party to an action is called upon and introduced as a witness on the trial, by the adverse party, under the act of March, 1850, to improve the law of evidence, the objection to his competency is waived, and he becomes competent as a witness on the trial for all purposes.”
 

 Similar holdings have been made in other jurisdictions. In the case of
 
 Comstock’s Admr.
 
 v.
 
 Jacobs,
 
 89 Vt., 133, 94 A., 497, Ann. Cas., 1918A, 465, it was held that an administrator, suing on behalf of decedent’s estate, by calling defendant as a witness to a constituent fact, a transaction in decedent’s lifetime, though not examining him generally on the question in issue, waives his incompetency and makes him competent as a general witness. In Ann. Cas., 1913A, at page 682, it is stated: “It has been generally held, therefore, that where the personal representative of a decedent, suing or defending on behalf of the estate, calls the adverse party and examines him in regard to transactions with the decedent, he thereby waives the statutory incompetency of the witness, and makes him competent as a general witness in the case.”
 

 In 28 Ruling Case Law, 514, Section 102, it is stated: “It would seem to be the well-settled general rule that statutory provisions prohibiting a party to an action or a person interested in the event
 
 *215
 
 thereof from testifying at all in an action against the estate of a deceased or merely from testifying as to a conversation or -transaction between himself and the deceased may be waived by the opposite party. The law recognizes that it may sometimes be to the advantage of the estate, and conducive to the ends of justice, to permit an adverse party to testify; and to this end it has given to the personal representatives of the deceased the right to exercise a discretion in making an incompetent witness competent.”
 

 The mouth of a party adverse to the representative of a deceased person is closed by law to prevent fraud against the estate of such deceased person, whose mouth has been closed by death. It is just and consonant with reason that the representative of the deceased cannot open the mouth which the law has closed, to his advantage, without at the same time opening it to the advantage of his adversary; that no litigant can be permitted to require of his adversary that he testify of his knowledge that relevant matter which is favorable to such interrogating litigant without at the same time waiving the incompetency of such adversary to testify of his knowledge that which is relevant and unfavorable to such interrogating litigant.
 

 The judgment of the Court of Appeals, and that of the trial court, is reversed, and the cause remanded.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Kinkade, Jones, Matthias, Day and Allen, JJ., concur.