Turner, J.
 

 Appellant presents two principal questions: (1) Upon the death of a defendant and the revivor of the action against his administrator, is the plaintiff required to present his claim in writing to the administrator, for allowance or rejection, within the four-month period provided for in Section 10509-112, General Code? (2) Does the plaintiff have the right to offer the deposition of a deceased defendant, which deposition was taken by plaintiff as upon cross-examination, and thereafter testify as to the same matters contained in the deposition? The answers to these questions are to be found in the statutory law of this state.
 

 1. In passing upon this question the trial court said :
 

 “I feel that the law should be that where a suit is pending, such as this case was, and there is an answer in by the guardian for the defendant, now deceased, which guardian is also the administrator of the estate, and in view of the fact that the case was revived as it was with the kind of an entry that was put on on July 3, 1943, that the court should rule that no filing of claim was necessary under the circumstances.”
 

 
 *46
 
 I-n the course of the opinion in the instant case the Court of Appeals said:
 

 “We are of the opinion, and hold, that, under the circumstances, no presentation to, and rejection by, the administrator of the claim was necessary. The revivor of the action rendered unnecessary a presentation of the claim. That has been the settled law of the state for many years, and we do not find that any recent section of the code changes that rule.”
 

 We agree with the foregoing statement.
 

 In the case of
 
 Musser’s Exr.
 
 v. Chase, 29 Ohio St., 577, it was held:
 

 “Section 96 of the administration act, which provides that unless the claim has been exhibited to the executor or administrator, and has been disputed or rejected by him, he shall not be liable at the suit of a creditor, does not apply to proceedings to revive an action before judgment, against the personal representative of a deceased party. ’ ’
 

 In the case of
 
 Pepper
 
 v.
 
 Sidwell, Admr.,
 
 36 Ohio St., 454, this court held:
 

 “In an action against an administrator, the objection that the claim sued on was not presented for allowance before the action was brought, is waived, where the administrator joins issue and goes to trial on the validity of the claim without objection.”
 

 In this respect attention is called to the terms of the agreed entry upon which the instant action was revived. (See statement of facts.)
 

 In 18 Ohio Jurisprudence, 538, Section 432, it is said:
 

 “The provision that an executor or administrator shall not be liable to the suit of a creditor unless the claim has first been exhibited to him, and has been disputed or. rejected, does not apply to proceedings to revive an action pending at the death of the party, or to such action after revivor.”
 

 
 *47
 
 While the 94th General Assembly made an extensive revision of the probate code (119 Ohio Laws, 394
 
 et seq.),
 
 it must be assumed that such a revision was made in the light of - the theretofore declared principles of law, and that where it was intended to change the then declared law, such change would be effected by statutory provision.
 

 While Section 10509-112, General Code, was so amended as to require all claimants to present their claims in writing to the executor or administrator within four months after the fiduciary’s appointment, yet we note that in the amendment of Section 10509-121, General Code (119 Ohio Laws, 410), in respect of the order in which debts are to be paid, the General Assembly provided:
 

 ‘1 The giving of written notice to an executor or administrator of a motion or application to revive an action pending against the decedent at the date of death shall be equivalent to the presentation of a claim to such executor or administrator, for the purpose of determining the order of payment of any judgment rendered or decree entered in such action.”
 

 We are of the opinion that this was a recognition by the General Assembly that where an action against a deceased person is properly revived it is not necessary to go through the formality of an independent presentation of the claim to the executor or administrator.
 

 In 2 Woerner American Law of Administration (3 Ed.), 1251, Section 387, it is said:
 

 “The revival of an action, abated.by the death of the defendant, against his executor or administrator, is equivalent to the exhibition of the demand as of the day when notice of the revival or summons is served upon him; it has been so held even without statutory provision to that effect.”
 

 
 *48
 
 In the third edition of Addams & Hosford’s Ohio Probate Practice & Procedure by Judge McClelland, the following editorial comment follows Section 10509-112 as amended (119 Ohio Laws, 407):
 

 “While the statute throws around the presentation of a claim, proper formalities, yet they are not such but what may under certain conditions be waived.”
 

 In the 1944 supplement to Deibel’s Ohio Probate Law it is said in a note to Section 957 at page 319: “It is submitted that mortgages and other claims which were not required to be presented before, are not required to be presented by the new code.”
 

 2. The appellant administrator by proper exception saved’all questions relating to the introduction of the testimony contained in the deposition of Ransie Dillard and to permitting the plaintiff below to testify in respect of the matters testified to in such deposition.
 

 Paragraph 8 of Section 11495, General Code, provides :
 

 “8. If a party dies and his deposition be offered in evidence, the opposite party may testify as to all competent matters therein.”
 

 Appellant admits the right of appellee to have taken the deposition of Ransie Dillard, but insists that such right does not carry with it the right to use the deposition upon trial. As the appellee had the right under Section 11521 and Section 11497, General Code, to take Ransie Dillard’s deposition as upon cross-examination, we are of the opinion that the appellee had the right to offer that.deposition upon the trial and thereafter the appellee had the right to testify as to all competent matters therein. The appellant contends that inasmuch as the deposition was not offered in evidence by him but by the appellee the provisions of paragraph 8 of Section 11495,
 
 supra,
 
 do not apply. We
 
 *49
 
 agree with what was said by the Court of Appeals upon this subject, to wit: ‘ ‘ Under the circumstances, it seems to us that the mere fact that the deposition was introduced by the plaintiff should not defeat his fight to testify.”
 

 Paragraph 8 provides for an exception to the general provision of Section 11495, General Code, that a party shall not testify when the adverse party is an executor or administrator.
 

 Plaintiff’s testimony was limited to the facte to which Ransie Dillard, had testified in his deposition.
 

 In discussing the competency of witnesses including the provisions of the then existing statute that a party shall not testify where the adverse party is an executor' or administrator, Judge Dickman said in
 
 Roberts
 
 v.
 
 Briscoe,
 
 44 Ohio St., 596, 600, 10 N. E., 61:
 

 “When we consider the enlightened progress made through the code in relaxing the rigid rules as to the competency of witnesses, we can not but be impressed with its liberal spirit, and inclined, in order that justice may not fail, to apply to it such canons of interpretation as will, when not plainly violating the legislative intent, favor the admission rather than the exclusion of testimony. ’ ’
 

 See, also,
 
 Stream
 
 v.
 
 Barnard, Exrx.,
 
 120 Ohio St., 206, 165 N. E., 727, wherein Judge Robinson said at page 210:
 

 “It has been held, notwithstanding the general rule that statutes in derogation of the common law will be strictly construed, that statutes abrogating the common-law rule with reference to the right of a party to an action to testify are enlarging and not restraining in effect * * *.
 

 “The object of Section 11495 is to limit the right conferred by Section 11493 in its application to parties adverse to executors and persons suing or defending in
 
 *50
 
 a similar representative capacity. It is an exception to Section 11493, and, insofar as it is an exception to the general rule so enacted in Section 11493, it will be strictly construed; that is, it will not be construed to limit the right conferred by Section 11493 to any greater extent than is therein plainly expressed, and inferences will not be indulged.”
 

 - Section 11493, General Code, provides:
 

 “All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
 

 The case of
 
 Gorman, Admx.,
 
 v.
 
 Columbus & Southern Ohio Electric Co.,
 
 144 Ohio St., 593, involved an attempt to introduce in evidence a deposition taken in a prior case by defendant. Both the parties and causes of action were different from those in which the deposition had been taken.
 

 In the instant case, the deposition was taken and offered in the same case. Section 11540-1, General Code, discussed in the
 
 Gorman case,
 
 is an enabling statute which authorizes a plaintiff’s administrator or executor to introduce in evidence in an action for wrongful death a deposition taken by plaintiff in an action for damages for the personal injuries which later resulted in plaintiff’s death. It is not claimed that such section has any application in the instant case. It is mentioned here merely because it' is the only modification (other than paragraph 8 of Section 11495,-General Code) of Section 11540, General Code, which provides:
 

 “A deposition may be read in any stage of the action or proceeding or in any other action or proceeding upon the same matter between the same parties, subject, however, to such exceptions as are taken thereto under the provisions of this chapter.”
 

 
 *51
 
 We have examined the remaining assignments of error and as to these the record discloses no error prejudicial to the rights of appellant.
 

 We are, therefore, of the opinion that the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman and Williams, JJ., concur. •
 

 Bell, Matthias and Hart, JJ., concur in paragraph one of the syllabus but dissent from paragraph two of the syllabus and from the judgment.