Hart, J.,
 

 dissenting. I agree with the majority that Sections 11493 and 11497, General Code, are general in terms and state the general rule. Section 11495, General Code, is specific and creates a limitation upon the other above-named sections, and for that reason it must be strictly construed.
 
 Cockley Milling Co.
 
 v.
 
 Bunn, Admx.,
 
 75 Ohio St., 270, 79 N. E., 478;
 
 Stream
 
 v.
 
 Barnard, Exrx.,
 
 120 Ohio St., 206, 211,165 N. E., 727, 64 A. L. R., 1144. The extent of the limitation imposed by Section 11495, General Code, is the problem now befoi’e the court..
 

 The purpose of Section 11495, General Code, is to protect estates which would suffer disadvantage if claimants were permitted to testify in their own behalf while the decedent or incompetent would be unable to contradict such testimony. It is my view that Section 11495, General Code, does not make a witness within the limitation of the statute incompetent as such and under all circumstances, but that it creates a privilege in the adverse party by which such adverse party may, under certain circumstances, prevent a party from testifying. Being a privilege it may be waived.
 

 Defendants suggest that the purpose of the plaintiff
 
 *243
 
 in calling the defendant daughters for cross-examination was to create a waiver which would have rendered the plaintiff competent as a witness in her own behalf as to matters upon which the defendants were sought to be cross-examined. _In- my opinion, such cross-examination of the defendants would not constitute such a waiver.
 

 An interested person cannot make his own testimony competent by eliciting as new matter, on cross-examination of his adversary, evidence as to matters concerning which such interested person is incompetent to testify.
 
 Loeb
 
 v.
 
 Stern, Admx.,
 
 198 Ill., 371, 64 N. E., 1043;
 
 Corning
 
 v.
 
 Walker,
 
 100 N. Y., 547, 3 N. E., 290;
 
 Motz
 
 v.
 
 Motz,
 
 82 N. Y. Supp., 926;
 
 Hickox
 
 v.
 
 Rogers, Admx.,
 
 33 Ohio App., 97, 168 N. E., 750. To have such effect the testimony of the adverse party must have been voluntarily given.
 
 Crafton
 
 v.
 
 Inge,
 
 124 Ky., 89, 98 S. W., 325;
 
 Sorrell
 
 v.
 
 McGhee,
 
 178 N. C., 279,100 S. E., 434;
 
 Patterson
 
 v.
 
 Hughes,
 
 236 Pa., 315,-84 A., 829; and
 
 Nottbeck
 
 v.
 
 Chapman,
 
 93 Vt., 378,108 A., 338.
 

 42 Ohio Jurisprudence, reviewing the Ohio case law on the interpretation of these statutes, says, at page 167, Section 160:
 

 • “It is the well-settled general rule that the protected party may waive the protection of the statute which prohibits a party to an action against certain representative persons from testifying at the trial. Thus, it is held that it is not the design of the statute to place an absolute and insuperable barrier to a party’s testifying as to facts occurring before the decedent’s death when the adverse party is an executor or administrator, the exclusion of the evidence being a privilege which the executor or administrator may waive. * # * ” Citing
 
 Hickox
 
 v.
 
 Rogers, Admx., 3.3
 
 Ohio App., 97, 168 N. E., 750;
 
 Citizens National Bank
 
 v.
 
 Andrews,
 
 24 N. P. (N. S.), 361;
 
 Roberts
 
 v.
 
 Briscoe,
 
 44 Ohio St., 596,
 
 *244
 
 10 N. E., 61; and
 
 Crowe
 
 v.
 
 Vichery, Admr.,
 
 23 Ohio App., 83, 155 N. E., 247.
 

 At page 171, Section 163, Ohio Jurisprudence,
 
 supra,
 
 continues:
 

 “The statement of the rule [privilege of waiver] presupposes the existence of a right to exercise the privilege by calling the adverse party as a witness, and it is expressly held that the statute does not prohibit the executor or administrator from calling such party as a witness, which he may do in the exercise of his discretion. [Citing
 
 Atley
 
 v.
 
 Atley,
 
 20 Ohio App., 497, 152 N. E., 761; and 28 Ruling Case Law, 514, Section 102.] The interests of an estate may urgently require that an executor or administrator should waive what belongs to him as a privilege and call the opposite party as a witness, for the facts upon which he founds his claim or defense may be locked up in the breast of the adverse party, so that a failure of justice would ensue without his testimony. The Legislature could not have designed to place the estates of deceased persons at such disadvantage by depriving them of evidence necessary to their protection against imposition and fraud. That the executor or administrator may thus waive the privilege is borne out by the provision of the statute allowing the adverse party to testify when the other party testifies to transactions or conversations with him. * * *” Citing
 
 Roberts
 
 v.
 
 Briscoe, supra.
 

 In my view the decision of this court in the instant case reverses the long established and well-settled judicial authority of the state on this question. In the case of
 
 Stream
 
 v.
 
 Barnard, E-xrx., supra,
 
 this court recognized the right of a party to waive the privilege given by Section 11495, General Code, when it held that where a representative of a deceased person, party to the action, examines as a witness the adverse party to such action with reference to conversations or transactions with the deceased, he thereby waives the in
 
 *245
 
 competency of such adverse party to testify as a witness on his own behalf. A cross-examination of such witness has the same effect. See annotations in 64 A. L. R., 1148,1158, and 107 A. L. R., 487;
 
 Conrey
 
 v.
 
 Pratt,
 
 248 Mo., 576, 154 S. W., 749;
 
 Goehring
 
 v.
 
 Dillard, a Minor,
 
 145 Ohio St., 41, 60 N. E. (2d), 704.
 

 In the case of
 
 In re Estate of Alger,
 
 10 Ohio App., 93, the .Court of Appeals of the Seventh Appellate District, recognizing the right of waiver, held that if a party to an action, who is prevented from testifying by reason of the provision of Section 11495, General Code, is examined as a witness on certain issues in the case by the adverse party, under favor of Section 11497, General Code, he then becomes a competent witness in the case and may testify on his own behalf in regard to all the issues in the case. In so holding, the court followed the decision of this court in the case of
 
 Choteau
 
 v.
 
 Thompson,
 
 3 Ohio St., 424, wherein this court held that a waiver of objection to the competency of a party who was incompetent as a witness so as to allow his deposition to be taken in a case, is a waiver during the whole progress of the case.
 

 In the case of
 
 Atley
 
 v.
 
 Atley, supra,
 
 decided by the Court of Appeals of the First Appellate District, it was held that parties standing in the same position with the executor or administrator may compel the adverse party to testify as upon cross-examination.
 

 In the case of
 
 Crowe
 
 v.
 
 Vickery, Admr., supra,
 
 the Court of Appeals of the Eighth Appellate District held that the protection conferred by Section 11495, General Code, prohibiting the party plaintiff from testifying as to facts occurring prior to decedent’s death in an action against the administrator, may be waived within the discretion of the administrator, and if no objection is made to such testimony it must be treated as other competent evidence. The court quoted and
 
 *246
 
 relied upon the decision of this court in the case of
 
 Roberts
 
 v.
 
 Briscoe, supra,
 
 wherein this court said:
 

 “That it is not the design of the statute to place an absolute and insuperable barrier to a party’s testifying as to facts occurring before decedent’s death, when the adverse party is an executor or administrator; and that the exclusion of the evidence is a privilege which the executor or administrator may waive, derives force from an examination of the third exception to Section 5242 [now Section 11495, General Code].”
 

 In the case of
 
 Hickox
 
 v.
 
 Rogers, Admx., supra,
 
 the Court of Appeals of the Sixth Appellate District held that the representative of a deceased person may waive the protection of the statute and permit the party otherwise incompetent under the statute to testify as upon cross-examination. The court cited as authority for this holding cases from other states, having similar statutes, as follows:
 
 Loeb
 
 v.
 
 Stern, Admx., supra; Motz Exrx.,
 
 v.
 
 Motz, supra; Crafton
 
 v.
 
 Inge, supra;
 
 and 4 Jones on Evidence (1914 Ed.), 768-770.
 

 In the case of
 
 Borgerding
 
 v.
 
 Ginocchio,
 
 69 Ohio App., 231, 43 N. E. (2d), 308, the Court of Appeals of the First Appellate District held that the personal representative of a decedent may waive the statutory bar against the adverse party testifying, and that calling such adverse party as a witness constitutes such waiver, citing as its authority 42 Ohio Jurisprudence, 167, Section 160, above quoted.
 

 It is true that in this case the witnesses in question, called for cross-examination, protested and attempted to claim the protection of the statute, but the statute did not operate in their favor and in my view their protest or objection to testifying was unavailing. They were competent witnesses if the plaintiff elected to waive the protection of the statute operating in her favor and call upon them to testify.
 

 
 *247
 
 If one in whose favor the statute operates may waive the protection negatively by failing to object to the testimony of a party disqualified as a witness, he certainly may do it affirmatively by calling as his own witness or as upon cross-examination such a party to testify.
 

 The statute, Section 11495, G-eneral Code, provides that a party shall not testify when the “adverse party * * * claims or defends as heir, grantee, assignee, *
 
 *
 
 * except if a [such adverse] party ® * * testifies to transactions or conversations with another [disqualified] party, the latter may testify as to the same transactions or conversations * * *.”
 

 What in the statutes disqualifies these defendants, daughters of the deceased husband, from testifying in this case if they should choose to do so or if they are called as upon cross-examination by the adverse party, the plaintiff in this case? The only reason they are disqualified to testify is that the plaintiff is “claiming” as heir of her husband. She has the right under the statute to claim disqualification of the daughters as witnesses since they are parties and she, as the widow, is now the “adverse party” in this case. But here again, the protection given by the statute, operating in her favor and being for her protection, may be waived and was in fact necessarily waived by her by calling these defendants to testify as upon cross-examination, just as an administrator or- executor may waive the statute when it applies to him. This court has heretofore recognized the right of waiver upon the part of an administrator or executor. The plaintiff in this case now stands in the same relation to the statutes in question, and this court, to be consistent, should not deny her right to waive the privilege conferred by the statute and her right to require the defendants, as parties, otherwise fully competent as witnesses, to testify as upon cross-examination.
 

 
 *248
 
 This statute should not he so construed as to operate as a shield for injustice. If the testimony which the defendants are able to give is favorable to them, they should not hestitate to testify. If, on the other hand, their testimony should disclose that they entered into collusion with their father to deprive the plaintiff of her contract rights, they should, in the interests of justice, be required to disclose the truth.