IN RE ESTATE OF SIMPKINS: SIMPKINS, APPELLANT, v. SIMPKINS, EXRX., APPELLEE.

(No. 1166—Decided May 20, 1959.)

*Mr. Merlin W. Simpkins, in propria persona.*
*Messrs. Knopf, Lindamood & Howells,* for appellee.

HUNSICKER, J.  This is an appeal on questions of law, lodged in this court after the overruling of exceptions to the inventory filed by the executrix of the estate of Ira G. Simpkins, deceased.

Ethel C. Simpkins is the executrix and mother of the exceptor, Merlin W. Simpkins.  In the exceptions to the inventory, Merlin W. Simpkins, the son, claims that the executrix, his mother, Ethel C. Simpkins, included within the inventory, as assets of the estate, real property (a farm) which he, Merlin, had purchased from his father and mother, by way of oral contract prior to the death of his father.

Merlin claims that he entered into possession of these farm lands as a result of this oral agreement to purchase, and that they should not now be inventoried as a part of the estate.

The bill of exceptions shows, among other things, that Merlin, his father, Ira, and another son, Floyd, worked the farm lands of Ira and Ethel from the time the boys were small children.  They each lived on a different portion of these lands after the marriage of the boys, working the farm lands in a sort of loose partnership or joint operative venture.  Merlin, at the time of the alleged oral agreement of purchase, was on the portion of the farm he claims to have bought from his parents.

Mrs. Simpkins, the executrix, on cross-examination by counsel for Merlin, said there was no agreement made by her or her husband to sell the farm to Merlin.  Thereafter, Merlin sought to testify to conversations he alleged he had with his father, Ira, and to the terms of an alleged oral contract, to purchase the farm, entered into between him and his father.

Upon objection, the trial court directed the witness not to testify; to which ruling, counsel for Merlin Simpkins took exceptions.

No further testimony was introduced concerning the claimed oral contract of purchase.  The trial court thereafter overruled

the exceptions as to this portion of the complaint, whereupon an appeal to this court was perfected.

The exceptor-appellant, Merlin W. Simpkins, sets out the following assignments of error:

"1. The judgment of the trial court is contrary to law.

"2. The trial court erred in excluding testimony of Merlin W. Simpkins.

"3. The trial [court] erred ·[in]· sustaining objections to testimony of Ethel C. Simpkins."

We have carefully examined the bill of exceptions to see whether there is any evidence indicating a contract to purchase the farm lands, oral or otherwise, by Merlin. The record of testimony is that there was no contract of any nature for the purchase of the farm by Merlin.

Section 2317.03, Revised Code, in its pertinent part, reads as follows:

"A party shall not testify when the adverse party * * * is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person except:

"* * *

"(C) If a party, or one having a direct interest, testifies to transactions or conversations with another party, the latter may testify as to the same transactions or conversations;

"(D) If a party offers evidence of conversations or admissions of the opposite party, the latter may testify concerning the same conversations or admissions; and, if evidence of declarations against interest made by an insane, incompetent, or deceased person has been admitted, then any oral or written declaration made by such insane, incompetent, or deceased person concerning the same subject to which any such admitted evidence relates, and which but for this provision would be excluded as self-serving, shall be admitted in evidence if it be proved to the satisfaction of the trial judge that the declaration was made at a time when the declarant was competent to testify, concerning a subject matter in issue, and, when no apparent motive to misrepresent appears * * *."

Merlin, appearing before this court, *in propria persona,*

insists that this matter falls within subsection (C) of the above statute.

Mrs. Ethel Simpkins, the executrix, was called as a witness by counsel for Merlin; the bill of exceptions shows that this was cross-examination. In such testimony, Mrs. Simpkins related the substance of conversations she had with her husband respecting livestock and farm machinery. She also, on cross-examination, stated that Merlin, at times, said to his parents that he wanted to buy the farm, and at other times said he had bought the farm. She also said, respecting these statements of Merlin, that there was "nothing to it at all."

If such statements of the executrix on cross-examination bring the proffered testimony of Merlin within the exception set out in Section 2317.03, subsection (C), Revised Code, then this case must be returned to the trial court for further proceedings. If, however, this testimony was properly excluded, then the judgment entered herein must be affirmed.

It must be noted that the executrix did not at any time waive the application of the statute herein under discussion. Her testimony was required of her by the exceptor and was not a voluntary action upon her part. In this respect this case differs from the rule set out in *Stream* v. *Barnard, Exrx.,* 120 Ohio St., 206, 165 N. E., 727, 64 A. L. R., 1144, for in that case the adverse party was examined by the personal representative of the estate, and thus the application of the statute was waived.

The rule in Ohio in situations such as we have herein has been stated in the case of *Hickox* v. *Rogers, Admx.,* 33 Ohio App., 97, 168 N. E., 750, as follows:

"1. A party who is disqualified from testifying because the opposing party is an administrator or executor cannot, by calling and cross-examining such representative of a deceased person as to certain conversations and transactions, thus make competent his own testimony as to the same conversations and transactions.

"2. Such representative of a deceased person may waive the protection of the statute; but the adverse party cannot create a waiver by cross-examining such representative and thus qualify himself as a witness."

This rule is also followed in other states where there are similar statutes. *Loeb* v. *Stern, Admx.*, 198 Ill., 371, 64 N. E., 1043; *Johnson, Admr.*, v. *McKnight*, 313 Ill. App., 260, 39 N. E. (2d), 700; *Sorrell* v. *McGhee et al., Admrs.*, 178 N. C., 279, 100 S. E., 434; *Harvey et al., Exrs.*, v. *Hilliard*, 47 N. H., 551; *Corning* v. *Walker*, 100 N. Y., 547, 3 N. E., 290; *State, ex rel. State Highway Commission*, v. *Jacobs* (Mo.), 281 S. W. (2d), 597.

To allow one to call a personal representative who is protected as to the giving of testimony involving matters concerning the estate, and to cross-examine such person protected by the statute (Section 2317.03, Revised Code) and thereby make competent the testimony of the adverse party, would, in effect, nullify the terms of the statute.

We therefore conclude that the provisions of Section 2317.03, Revised Code, were not waived when the exceptor elicited, as on cross-examination, certain information from the executrix concerning the claims of the exceptor that he had purchased some of the farm lands included in the inventory of the estate. The refusal of the trial judge to permit the proffered testimony herein was proper and in accord with the law of this state. The judgment must therefore be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.