Kinkade, J.
 

 This is an action brought by two sisters, defendants in error here, against a third sister, as the executrix of the estate of a deceased sister, to recover the reasonable value of support, nursing, care, and maintenance given by the sisters bringing the action to the deceased sister. The defendants in error here, plaintiffs below, recovered in the trial court. The judgment was affirmed by the Court of Appeals. The executrix prosecutes error to this court.
 

 The facts as claimed by the defendants in error, many of which facts are denied by the' executrix, briefly and in general are as follows:
 

 The defendants in error, with the sister now deceased and their mother, lived in the same house as one family for a considerable period of time. An agreement was entered into between the defendants in error and the deceased sister, who was an invalid, that the defendants in error should furnish board, care, nursing, and maintenance to the invalid sister for the balance of her life, and should be paid by the invalid sister therefor. No compensation was ever paid to either of the defendants in error.
 
 *466
 
 The invalid sister died testate, leaving all of her property to the plaintiff in error here.
 

 The claims of the defendants in error were presented to the executrix and rejected, and this action followed. Several grounds of error are assigned in the petition in error filed in this court. We have examined all of them, and find that the errors claimed, save one, are insufficient to justify a reversal here. The claimed error arising by reason of the trial court permitting the defendants in error to testify generally in support of their claims against the estate of the deceased sister presents an important question.
 

 After the defendants in error brought this action, the executrix took their depositions, and those depositions were filed in the case, but not offered in evidence by either party. The defendants in error called the attention of the trial court to the fact that these depositions had been taken and filed, and moved the court for an order permitting the defendants in error, plaintiffs in the trial court, to testify generally in their own behalf by reason of the fact that these depositions had been taken and filed, even though they had not been offered in evidence by either party. The trial court examined the depositions and then granted permission to the defendants in error to testify generally in support of their claims against the estate. This was done over the objection and exception of the executrix, who then claimed, and still claims, that the defendants in error were prohibited from testifying as they did by the provisions of Section 11495, General Code. The trial court held that the mere taking and filing of the depositions by the executrix constituted a complete
 
 *467
 
 waiver of the statutory bar against the competency of this testimony. This action of the trial court was very beneficial to the defendants in error and strongly prejudicial to the plaintiff in error.
 

 The precise question in issue has not been definitely passed upon by this court. We are not unmindful of the fact that courts of last resort in some states have held that the taking and filing of a deposition of the adverse party does waive the statutory bar against the right of such witness to testify generally in an action of this kind. After a careful examination of these decisions of other states, a majority of the court is of the opinion that the better and safer rule is that the mere filing of a deposition taken of an adverse party does not waive the inhibition of the statute against the testimony of the party whose deposition has been so taken.
 

 The action of the trial court in this case in permitting the plaintiffs in that court, defendants in error here, to testify generally in support of their claims, was erroneous and prejudicial, and by reason thereof the judgment of the lower courts must be reversed, and the cause remanded for a new trial.
 

 Judgment reversed and cause remanded.
 

 Jones, Matthias, Alien and Robinson, JJ., concur.