Matthias, J.,
 

 dissenting. The testimony sought to be elicited upon the cross-examination of the defendant daughters by counsel for the plaintiff related to facts which occurred prior to the death of their father. The plaintiff claims as an heir and the defendant daughters defend as heirs. The plaintiff and defendants are concededly adverse parties and their interests in the litigation are antagonistic. The action was one for the rescission of an antenuptial contract claimed to have been procured by fraud and concealment of assets by the deceased husband, a portion of which assets it was claimed was later, with the connivance of the daughters, transferred to them.
 

 
 *240
 
 Under the broad and all inclusive provisions of Section 11497, General Code, “at the instance of the adverse party, a party may be examined as if under cross-examination, either orally, or by deposition, like any other witness.”
 

 As I understand the position of the majority it is that the privilege thus conferred is not available to the plaintiff in this case for the reason that the testimony sought to be elicited is absolutely prohibited by the provisions of Section 11495, General Code.
 

 All agree that the two sections of the statute referred to, and Section 11493, containing general provisions as to the competency of witnesses, and Section 11494, covering the matter of privileged communications, are
 
 in pari materia
 
 and, therefore, should be so construed that their provisions may be harmonized if. possible.
 

 Upon such consideration I find myself unable to agree with the conclusion announced by the majority, which, in my opinion, overlooks the real purpose intended to be served by the enactment of the provision now embraced in Section 11495, General Code. I find no better statement of such purpose than that by Dickman, J., in the case of
 
 Roberts
 
 v.
 
 Briscoe,
 
 44 Ohio St., 596, 10 N. E., 61: “The purpose and policy of the law in preventing a party from testifying, where the adverse party is an executor or administrator, is to guard the estates of decedents against the setting up of fraudulent defenses, and the establishment against them of fraudulent claims, or unfounded causes of action.”
 

 The reasoning of Judge Dickman ably supports the view that the attempted cross-examination in this case was not inconsistent but in harmony with the purposes and policy of the law and should have been permitted. If it be held that the defendants are not subject to cross-examination, then it must likewise be held that counsel for the administrator may not in any such case subject the plaintiff to cross-examination.
 

 
 *241
 
 Judge Dickman, therefore, concluded that “the Legislature could not have designed to place the estates of deceased persons at such disadvantage by depriving them of evidence, within reach, necessary to their protection against imposition and fraud. The adverse and surviving party, when compelled to testify by the executor or administrator, can not reasonably complain; for, though a party, he can then'be examined fully in his own behalf on the subject of his examination in chief.”
 

 Another authority supporting the views expressed is the case of
 
 Chase
 
 v.
 
 Evoy, Admx.,
 
 51 Cal., 618, from which the following pertinent statement is quoted:
 

 * * in view of the evil to be remedied, the Legislature could hardly have intended to prohibit the executor or administrator from calling a party to the action to testify in behalf of the estate. On the opposite theory, the defendant, representing the estate, would not be permitted to call the plaintiff himself to prove that the demand was fraudulent or had been fully paid. Such a construction of the statute is wholly inadmissible, and would be at variance with its manifest intent.”
 

 Diligent research has failed to disclose any authority contrary to the reasoning and conclusion thus announced. In numerous cases incidental questions arising out' of the cross-examination of parties under conditions similar to those involved in this case are discussed and decided, but the right to conduct such cross-examination apparently was not contested but was conceded. Among cases of that character in this state are those of
 
 Stream
 
 v.
 
 Barnard, Exrx., 120
 
 Ohio St., 206, 165 N. E., 727, 64 A. L. R., 1144;
 
 Prince, Exrx.,
 
 v.
 
 Abersold,
 
 123 Ohio St., 464,175 N. E., 862; and
 
 Nicola, Exr.,
 
 v.
 
 General Oil & Gasoline Co.,
 
 133 Ohio St., 618, 15 N. E. (2d), 140.
 

 
 *242
 
 As has previously be.eu indicated we find no authority anywhere supporting the proposition'that statutory provisions, such as those contained in Section 11495, prohibit the- calling of an adverse party for cross-examination. It is, of course, well settled that the ineom-petency of an adverse party is waived by calling him as a witness for cross-examination. The question of the right of the plaintiff to testify, following such cross-examination of the defendant, is not in issue here, but, in my opinion, such right could arise only from the voluntary testimony of the adverse witness and not from her cross-examination. See
 
 Goehring
 
 v.
 
 Dillard, a Minor,
 
 145 Ohio St., 41, 60 N. E. (2d), 704.