Middleton, J.
If the petitioner, hereinafter referred to as the defendant, was legally justified in refusing to testify, she should be discharged from custody. As such defendant in an action brought by an executor, Mabel Renee is subject to the prohibitions and restrictions as to testifying in that case which are contained in Section 11495, General Code. The pertinent part of that statute reads as follows:
“A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person except * *
No claim is made that any of the eight exceptions enumerated in that statute are applicable.
The question whether, or under what circumstances, the executor can, on trial, waive the disability of the defendant so as to make her a competent witness is not here involved. Neither is the question whether the defendant can be forced to testify on trial over her objections even if thé executor can effect such waiver by then calling her to testify as on cross-examination.
*40 At the time of the effort to take the deposition the defendant was subject to the full impact of Section 11495, unaffected by any waiver or attempted waiver so far as testifying on trial was concerned. It is conceded that the executor, through his counsel, declared a waiver of the provisions of Section 11495 with respect to the taking of the deposition but the waiver so declared was thus limited and did not purport to constitute a waiver of any disability of the defendant to testify at the trial. In this connection it was definitely settled by the case of Prince, Exrx., v. Abersold, 123 Ohio St., 464, 175 N. E., 862, that “the taking and filing of a deposition of the adverse party, which is not offered in evidence at the trial of the case, does not waive the statutory inhibition against the testimony of the party whose testimony is so taken and filed, arising by reason of the provisions of Section 11495, General Code.”
In the instant case the deposition, if taken, can be withheld from filing at the option of the executor and even if filed it can not be offered in evidence if the defendant is available to testify in person. If the deposition is taken the plaintiff-executor will be in possession of information and records to his great advantage and he can then bar the defendant from offering her own explanation and from defending her conduct. Such result would not be consistent with justice and equity and we do not believe that it can be justified by any reasonable construction of the statutes under consideration.
The taking of depositions is authorized by Section 11521, General Code, which provides:
“The testimony of witnesses may be taken:
“1. By affidavit;
“2. By deposition;
“3. By oral examination.”
*41 Then Section 11525, General Code, states when “the deposition of a witness” may be used.
Neither of those sections defines “testimony” or “witness” but it is inherent that a deposition is a record of testimony and that the one giving the deposition is a witness. If one is disqualified to testify — disqualified to be a witness — it should logically follow that he is not one whose deposition can be taken.
Section 11493, General Code, provides:
“All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
Section 11497, General Code, provides:
“At the instance of the adverse party, a party may be examined as if under cross-examination, either orally, or by deposition, like any other witness. * * *” As stated in Verbsky v. Burger, 146 Ohio St., 235, 65 N. E. (2d), 695, Sections 11493 and 11497 are general and Section 11495 is specific. Consequently, the latter prevails over the two general sections.
Under the provisions of Section 11493, a person of unsound mind can not testify — he can not be a witness. Certainly no one would contend that the incompetency of such person could be circumvented by the simple expedient of taking his deposition. Likewise, a child under ten years of age is incompetent to testify until by examination by the court the necessary mental capacity of the child is established, and the deposition of the child can not be taken until such determination is made. State v. Wilson, 156 Ohio St., 525, 103 N. E. (2d), 552.
The necessary conclusion is that the capacity to be a witness and to testify must exist before the person’s deposition can be taken.
*42 At the time of the effort to take the deposition of Mabel Renee she was under complete disability to testify by reason of Section 11495. That disability extended to the giving of testimony by way of deposition. Her refusal to so testify was justified. She had the legal right to refuse. In fact, as matters then stood she had no right to do otherwise than refuse.
This leaves only the question whether the defendant was required by the subpoena duces tecum tt) produce the various papers enumerated therein even though she was not then qualified to testify. The papers demanded under the subpoena duces tecum are described as those “pertaining to your dealings with Walter H. Knoedler between October 1,1950, and October 24, 1951.” It is, therefore, manifest that the papers so demanded relate to the dealings between the defendant and the decedent and that the information to be obtained therefrom is of the same character as the information which would have been elicited by oral examination. Does the incapacity of the defendant to testify orally extend to and include incapacity to give information by way of surrender of written instruments of the same character as that which she is not competent to give by way of oral testimony? Authorities on this precise question are not plentiful. The answer must be found in a consideration of general principles.
In 8 Wigmore on Evidence (3 Ed.), 68, Section 2193, the author states that the testimonial duty to attend and disclose all that is needed for ascertainment of truth applies to every form and material of evidence whatever. He then says:
“In particular it applies to such evidential material as exists in a person’s hands in the form of documents. ‘There is no difference in principle,’ said a great judge, ‘between compelling a witness to produce a document *43 in his possession, under a subpoena “duces tecum,” * * * and compelling him to give testimony when the facts lie in his own knowledge. ’ This much is unquestionable; for to give up facts possessed by physical control is no different from the giving up of data possessed as mental impressions.” The “great judge” referred to by Wigmore was Shaw, Chief Justice of the Supreme Judicial Court of Massachusetts, who in 1830 rendered the decision in the case of Bull v. Loveland, 27 Mass., 9. In that case the witness was not required to testify, and for the reasons exempting her from testifying she was not required to produce documents demanded under a subpoena duces tecum.
Substantially the same statement is contained in 70 Corpus Juris, 743, Section 899, where it is stated:
“There is authority that no difference in principle exists between compelling a witness to produce a document or paper in his possession, where the party calling for such production has a right to the use thereof, and compelling a witness to give testimony, when the facts lie in the knowledge of the witness.”
In our judgment, both reason and authority support the view that Mabel Renee being incompetent to testify orally can not be required by subpoena duces tecum to produce the papers demanded by the subpoena.
Inasmuch as she acted within her rights in refusing to testify or to produce the papers demanded, she was illegally committed and should be discharged from custody.

Petitioner discharged from custody.

Weygandt, C. J., Zimmerman and Stewart, JJ., concur.
Taet, Matthias and Hart, JJ., dissent.