Taft, J.,
concurring. Generally, where an action is brought against or by an executor, the executor “may compel” the opposite party (at least where such opposite party is not the kind of “adverse party” specified in Section 2317.03, Revised Code)[1] “to testify to facts that occurred prior to the death of” the decedent;[2] and, where such executor does so, he “waives the incompetency of such” opposite “party to testify as a witness in his own behalf,”[3] but the executor’s “taking and filing of a deposition of” such opposite party “which is not offered in evidence at the trial * * * does not waive the statutory inhibition against the testimony of” such opposite party.[4] However, in In re Renee, 159 Ohio St., 37, 110 N. E. (2d), 795, 42 A. L. R. (2d), 572, this court stated that such opposite party “can not be required to give testimony by way of deposition as to matters concerning which” he “is prohibited from testifying on trial by reason of Section 2317.03, Revised Code.” That case represents at least a holding that, until the executor waives the incompetency of such opposite party, either expressly or by offering his testimony at the trial, such opposite party cannot be required to testify as a witness.
If that holding is followed, the judgment in the instant case must be affirmed. Although I dissented from that holding and *207 still disagree with its soundness and am reluctant to follow it, it seems to me that the desirability of equal treatment for all litigants and the desirability of some certainty as to what the law is, that are the basic reasons for the doctrine of stare decisis, require the adherence by this court to that holding. It may be observed that the General Assembly has had over sis years to change the law as announced in that holding but has not done so.
Bell and Herbert, JJ., concur in the foregoing concurring opinion.

Verbsky v. Burger, 146 Ohio St., 235, 65 N. E. (2d), 695.

Roberts v. Briscoe, 44 Ohio St., 596, 10 N. E., 61.

Stream v. Barnard, Exrx., 120 Ohio St., 206, 165 N. E., 727, 64 A. L. R., 1144.

Price, Exrx., v. Abersold, 123 Ohio St., 464, 175 N. E., 862.