Hart, J.
 

 The principal question presented by the record in this case is whether the plaintiff may be denied the right to testify and his testimony wholly excluded under Section 11495, General Code, when such witness and his testimony are offered against an administratrix as a defendant and also against another joint defendant, a banking corporation which does not come within the classes afforded protection by such statute.
 

 The Court of Appeals, according to its opinion, held that since the defendant bank alleged in its answer that the plaintiff had been informed of the state of the books of account of the defendant bank more than four years
 
 *32
 
 before this suit was brought; that since the answer of the defendant, Margaret Miller, as administratrix, had set up
 
 res judicata
 
 as a defense and failure of plaintiff to present his claim, to which answers no reply had been filed; and that since there “was no evidence in the record introduced on behalf of plaintiff to sustain this claim of plaintiff. * * * there is * * * a want of pleading denying the allegations of defendants’ answers, and a failure of proof as well to establish the fact alleged that the action was brought within four years after discovery of the fraud,” these defendants were entitled to a directed verdict at the close of plaintiff’s evidence. So holding, the Court of Appeals affirmed the judgment:
 

 It is evident that the position of the Court of Appeals is sound only if the ruling of the trial court was correct in excluding the plaintiff as a witness and his testimony in his own behalf, because the deficiency in proof might have been supplied if the plaintiff had been permitted to testify.
 

 The record shows that the plaintiff offered himself as a witness, whereupon the following colloquy ensued:
 

 “Q. What is your name, please? A. B. E. Totten, # * *
 

 “Q. And you are the plaintiff in this action? A. Yes, sir.
 

 “Q. Now I will show you plaintiff’s exhibit 8, and ask you what it is.”
 

 Counsel for administratrix: “Object, your Honor. This witness clearly comes within Section 11495, adverse party shall not testify where opposing party defends as executor, administrator, etc.”
 

 Mr. dayman, of counsel for plaintiff: “There are two defendants here. Now, one of them is still very much alive, the Cortland bank. Certainly have a right to my question.”
 

 
 *33
 
 Counsel for administratrix: “I am objecting so far as my client is concerned. ’ ’
 

 Court: “Yes, objection is well taken: Unless you drop your suit as to tbe estate of J. E. Miller.”
 

 Mr. Sheban, counsel for plaintiff: “Your Honor, I know that statute has half a dozen exceptions; and may we have exceptions, and ask him under exceptions?”
 

 Court: “I think I am familiar with the statute in question, and objection is sustained, unless plaintiff dismisses action as against the estate, would be proper as against the bank, if anyone, but not proper against the estate.”
 

 The plaintiff again offered himself as a witness, at which time Mr. Clayman, his counsel, again asked him to identify plaintiff’s exhibit 8. An objection by counsel for administratrix was interposed and sustained. Mr. Clayman then addressed the court as follows:
 

 “If the court please, this purports to be at least a record of the Cortland bank, and I fully recognize the import of your decision, in regard to the other testimony, but if this specifically relates to the bank of Cortland, and for that reason, if it pleases the court, I feel it is competent.”
 

 Court: “Well, I think, under the provisions of Section 11495 of the General Code, with the administratrix being a party defendant, that the objection is well taken. ’ ’
 

 The plaintiff refused to dismiss the estate from the suit and as a result he was not permitted to testify.
 

 Since a separate judgment could have been entered against the Courtland bank, unless the plaintiff in some manner failed to qualify himself as a witness or unless his testimony was incompetent, the testimony should have been admitted as against the bank (42 Ohio Jurisprudence, 105, Section 94;
 
 Hubbell
 
 v.
 
 Hubbell,
 
 22 Ohio St., 208;
 
 Edwards
 
 v.
 
 Edwards,
 
 24 Ohio St., 402), and against all defendants as to matters which occurred
 
 *34
 
 since the death of Mr. Miller, which would include the matter of presentation of the claim to the administratrix and the suit between the plaintiff and the administratrix upon which she based the defense of
 
 res judicata.
 
 Section 11495, General Code; 4 Jones Commentaries on Evidence, 827, Section 786;
 
 Trumpler, Admr.,
 
 v.
 
 Royer,
 
 18 Ohio App., 151.
 

 However, it is claimed by counsel for defendants that the court did not err in excluding Totten as a witness because he was offered as a witness generally and not specially as to the bank against which his evidence would be competent, citing 42 Ohio Jurisprudence, 105, Section 94; 1 Wigmore on Evidence (2 Ed.), 181 and 184, Section 19;
 
 Hamilton
 
 v.
 
 State,
 
 34 Ohio St., 82;
 
 Kent
 
 v.
 
 State,
 
 42 Ohio St., 426.
 

 By reading the record above set out, one comes to the inescapable conclusion that the trial court was fully advised that the plaintiff was claiming that he had a right to testify as against the defendant bank. Under the circumstances it is supertechnical to claim that plaintiff was not offered as a witness against the bank, which, as pointed out, was “very much alive,” and against which the proffered witness was competent to testify.
 

 It is further claimed that the exclusion of plaintiff as a witness was not prejudicial because there was no proffer made as to what testimony he would have given had he been permitted to testify. But this is not necessary when the witness is excluded on the ground of his alleged incompetency and not on the ground that his proposed testimony was incompetent. Furthermore, it will be assumed that his exclusion as a witness was prejudicial.
 
 Wolf
 
 v.
 
 Powner, Exr.,
 
 30 Ohio St., 472;
 
 Loney
 
 v.
 
 Walkey, Admr.,
 
 102 Ohio St., 18, 130 N. E., 158. The court erred in requiring the plaintiff to dismiss his action against the administratrix of the estate of J. E. Miller as a condition precedent to Tot-ten’s giving testimony against the defendant bank.
 

 
 *35
 
 This case was tried as though all issues were controverted and no attention was given to the fact that no reply had been filed to the answers of the defendants. No motion was made for judgment on the pleadings or to the introduction of evidence because a reply had not been filed. Under such circumstances the filing of a reply was waived and such failure.is not available on review.
 
 Randall
 
 v.
 
 Turner,
 
 17 Ohio St., 262;
 
 Woodward
 
 v.
 
 Sloan,
 
 27 Ohio St., 592;
 
 Valley Ry. Co.
 
 v.
 
 Roos, Admr.,
 
 9 C. C., 201, 6 C. D., 33, affirmed,
 
 Rd. Co.
 
 v.
 
 Roos, Admr.,
 
 54 Ohio St., 668, 47 N. E., 1115;
 
 City of Toledo
 
 v.
 
 Center,
 
 16 C. C., 308, 8 C. D., 503, affirmed,
 
 City of Toledo
 
 v.
 
 Center,
 
 53 Ohio St., 659, 44 N. E., 1133.
 

 The judgment of the Court of Appeals is reversed and the cause remanded to the Common Pleas Court for new trial.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Turner, Williams, Matthias, Zimmerman and Bettman, JJ., concur.