NIEDERLEHNER, GDN., APPELLANT, *v.* WEATHERLY, CHIEF, ET AL., APPELLANTS, SCHAUB, APPELLEE.

(No. 6565—Decided January 25, 1946.)

*Mr. Arthur C. Fricke* and *Mr. Chester R. Shook,* for appellant Ruth Niederlehner, guardian.

*Mr. Alfred C. Klein* and *Mr. George Metzger,* for appellant Senora Wilson.

*Mr. Clark Wilby* and *Mr. Mitchell Wilby,* for appellant Mary Peels.

*Mr. Nathan Solinger,* city solicitor, for appellant Eugene T. Weatherly.

*Mr. Lorenz L. Lemper,* for appellee Charles Schaub.

SHERICK, P. J. This is an appeal on questions of law from the judgment entered on a second trial of this cause, an action in replevin, which has, since May of 1940, intrigued the bench and bar of this state. It is now the third appearance of the cause in this court. Report of the first appeal is found in *Niederlehner, Gdn.,* v. *Weatherly, Chief of Police,* 73 Ohio App., 33, 54 N. E. (2d), 312. The pertinent facts are therein set forth. This branch of the court will refer only to such facts as are necessary to display the errors complained of, which are in fact three in number: First, that the judgment is against the manifest weight of the evidence; second, that the judgment is contrary to law, which is to say that each of the respective four appellants maintains that the judgment should have been in his or her favor, and not in favor of defendant, appellee herein, Charles Schaub; and third, that all testimony offered and received in evidence, over plaintiff's objection, of interested parties to the action, prior to May 23, 1940, the date of appointment of plaintiff guardian, an appellant herein, was incompetent and should have been excluded because of the provision of Section 11495, General Code, which prescribes that a party shall not testify when the adverse party is the guardian of an insane person.

This court finds that it is necessary to first consider and dispose of the third error claimed, which is of course stressed by plaintiff; but before doing so, certain recitations must first be made.

The Court of Appeals of the First Appellate District, in reversing the judgment in the first appeal and remanding the cause for retrial, intimated in its opinion that the chief of police, who had interpleaded in the first trial, ought to have been awarded the immediate possession of the $6,190 sought to be replevined. Thereupon, Chief Weatherly sought to withdraw his inter-

pleader and asked for leave to file a cross-petition claiming the money in question. The trial court refused his request. The Court of Appeals of the Ninth Appellate District, on appeal from that finding, again reversed the judgment of the trial court, and the chief of police, as a result thereof, now appears at the second trial as a cross-petitioner and claimant to the fund.

The second trial, like the first, was, by agreement, tried to the court without the intervention of a jury, and resulted in favor of defendant Schaub, who was found to be the owner of the property. The major portion of the record made in the first trial was offered and received in evidence. That portion thereof which contained the testimony of defendant Schaub and defendant Peels, an appellant herein, which relates to matters prior to the plaintiff guardian's appointment, is the particular evidence claimed to have been improperly received, not because of the manner and form in which it was received, but because of claimed incompetency of the witness under the statute. The bill of exceptions tendered is an abbreviated one. Incorporated therein, by reference, are numerous portions of the first record. This cumbersome practice, which does not lend itself to clarity, but only to confusion, has caused this court much difficulty. It has, however, displayed a fact of prime importance with reference to the third claimed error, which will be considered later.

In Ohio it has been said broadly that the action of replevin is grounded on wrongful detention. Conversely or more properly stated, a plaintiff must prove affirmatively his immediate right to possession of the thing claimed. Under that theory, a plaintiff may rely either upon a general or special ownership. Examples of the latter are found in a pledgee, bailee, mortgagee, mechanic's lien claimant, and cases where purchasers

have paid the purchase price of goods, or a portion thereof, and are entitled to possession by reason thereof. It will be noted that both forms of ownership and possessory rights incident thereto spring from well recognized contractual relationships. Under that theory it followed also that there was but one issue in replevin, that being the right to immediate possession. Hence, per example, it followed that a pledgee might properly be found entitled to immediate possession as against the general owner, the pledgor.

·However, this state has a general statute, Section 11263, General Code, which provides that in an action to recover personal property any person claiming an interest therein may be made a party. By virtue of that section, defendant Wilson, an appellant herein, and Peels and Schaub became parties to the present action. Examination of the pleading, in the light of trial claims, discloses that plaintiff guardian claims the right to immediate ·possession upon the theory of treasure trove, her ward, David Mitchell, being the finder thereof and entitled to possession thereof.

Chief of Police Weatherly's claim is predicated on provisions of certain statutes, Sections 4398, 4399 and 4400, General Code, which entitle him to hold stolen or other property found on the person of one arrested.

Wilson grounds her claim to possession on the fact that she is the owner of the real estate upon which Mitchell first says he found the money.

Peels' claim rests on asserted ownership of the moneys, as property stolen out of her own property, and upon which Mitchell later says he· really found the money.

It is, therefore, perceived that plaintiff guardian, the chief of police and Wilson claim only possessory rights, none of which grow out of contractual rights, but actually exist by virtue of certain laws. Their claims are,

therefore, grounded on operation of law. The claims of both Peels and Schaub, however, are founded on general ownership. That both could be the true owner is not possible. It might well be, as was found by the Court of Appeals of the First Appellate District on review of the first trial, that neither proved ownership.

It, therefore, ought to be apparent that if Peels and Schaub failed to prove general ownership, and Niederlehner and Wilson failed to prove a primary and immediate legal right to possession, the chief of police was entitled to have the moneys returned to him to be disposed of as the law prescribed.

As decided by the Court of Appeals of the First Appellate District, if Mitchell was a thief or trespasser and procured this money by either means, he could not acquire title or right to possession thereof thereby. But what if he found this money on the premises of another, as is his guardian's claim?

Ohio has no statute relating to treasure trove. It is the generally accepted rule, however, that in the absence of legislation on that subject, the common law of early England governs, and that "title belongs to the finder as against all the world except the true owner." See *Weeks* v. *Hackett,* 104 Me., 264, 71 A., 858, 19 L. R. A. (N. S.), 1201, 129 Am. St. Rep., 390, which reviews the authorities. We have no action in this state comparable to trover, unless it is found in the right to trial to property as that action is popularly known. Whether it is merged in the action of replevin is a question; but when the replevin statutes are considered together with the permissive feature of Section 11263, General Code, then it ought to become apparent where treasure trove is relied upon to procure possession and general ownership is asserted by a third party, that more than one issue is presented.

The right of a finder of treasure is good as against all the world, except the true owner. If ownership is proven, then plaintiff could not prevail and her right to possession becomes secondary and immaterial. Clearly, there were two issues before the court. That between Peels and Schaub was, which one was the owner of the property, or did neither own it? Plaintiff guardian, Weatherly and Wilson were only secondarily interested in that issue, because if it was established that either Peels or Schaub owned the property, they must fail in their respective claims to possession.

It follows, under the reason and authority of *Totten* v. *Estate of Miller,* 139 Ohio St., 29, 37 N. E. (2d), 961, that where the evidence of one defendant is competent as against another defendant upon an issue existing between them, as is the case between Peels and Schaub, and concerning which the plaintiff guardian is not primarily concerned, that evidence is competent to establish or disprove the issue between the contesting defendants as to general ownership between whom a separate judgment might be entered. The mere fact that the plaintiff prosecutes as guardian of an insane ward, and that Peels and Schaub appear as defendants, does not make them adverse parties within the exceptions enumerated in Section 11495, General Code. Parties to be adverse must hold the affirmative and the negative of an issue made or some material portion thereof.

There exists a further reason why Peels and Schaub were competent witnesses to the issue existing between them, and the same is true as to any issue existing between them and the plaintiff guardian, if any such did exist. As previously indicated, the bill of exceptions taken in the first trial and offered and received in evidence in the second trial discloses that plaintiff guardian waived any such privilege as she now claims

under Section 11495, General Code. There, plaintiff's counsel placed her ward Mitchell upon the stand and examined him in chief. Her counsel, for the purpose of cross-examination, called the defendant Peels and cross-examined her at great length. That evidence was offered in chief as part of the plaintiff's case. Plaintiff's counsel also cross-examined the defendant Schaub at great length. In fact, during the course of the first trial all bars were down. All parties were considered as competent witnesses. No holds were barred. In fact, practically every party litigant was examined by all counsel appearing for every other litigant.

Inasmuch as the statutory favor granted by Section 11495, General Code, is a personal privilege which a guardian may waive, as was done in the first trial, we think the rule ought to be, as stated by the author of the note appearing in 79 A. L. R., 176, appended to the report of *Billingsley* v. *Gulick,* 256 Mich., 606, 240 N. W., 46, 79 A. L. R., 166, that:

"A waiver of objection to the competency of a witness or to the privilege of testimony is not confined to the trial in which the waiver occurs, but extends to a subsequent trial of the same case."

It was said by Chief Justice Marshall in *Vattier* v. *Hinde,* 32 U. S. (7 Pet.), 252, 266, 8 L. Ed., 675, that:

"The reversal of the original decree cannot annul the written consent of parties for the admission of testimony. That consent was not limited in its terms to the first hearing, but was co-extensive with the cause."

And in *Green* v. *Crapo,* 181 Mass., 55, 62 N. E., 956, where a privileged communication between attorney and client was involved, it was said by Chief Justice Holmes:

"Nevertheless the objection was urged when the

case came to be tried before the justice of this court, and an exception was taken when he ruled that the privilege having been waived could not be insisted upon before him. We do not think it necessary to remark upon the willingness to hold back this testimony. We content ourselves with saying that the ruling was right. The privacy for the sake of which the privilege was created was gone by the appellant's own consent, and the privilege does not remain under such circumstances for the mere sake of giving the client an additional weapon to use or not at his choice.''

Respecting the claim of the defendant Wilson, it is evident that her claim to the money is dependent upon ownership of the real estate wherein Mitchell first stated he found it. She does not claim to be the owner thereof. Her claim to possession is therefore founded on Mitchell's theft or trespass or on treasure trove. She can not prevail on the theory of theft or trespass as against the true owner, even if she should prevail over Mitchell as such.

Neither can she prevail if the funds be treasure trove, for the reason that since the time of *Armory* v. *Delamiric,* 1 Strange, 505, 93 Eng. Rep. (22 King's Bench), 664, it has been the law, that the owner of the soil whereon treasure is found acquires no title or right thereto by virtue thereof, as against the finder or the true owner. That rule has been universally followed, as is displayed in *Weeks* v. *Hackett, supra,* wherein it is held in the syllabus, that:

''The owner of the soil in which treasure-trove is found acquires no title thereto by virtue of his ownership of the land.''

With respect to the claim of ownership of the defendant Peels we must and do agree with the three courts who heard and reviewed this case, that her story is so absurd and fantastic as to be unworthy of belief.

It bears all the earmarks of fabrication. The trial court was correct in so regarding her claim.

Is the judgment entered in favor of Schaub against the manifest weight of the evidence? We think not. Schaub was a miserly and eccentric old man. His testimony must be considered in that light and not in accordance with what a prudent and careful man would have done. As pointed out by the last trial court in its opinion, his story is corroborated in quite a few material particulars by disinterested witnesses. The trial court sat as both judge and jury. This court may not, even if it were disposed to do so, substitute its judgment in its stead. Finding sufficient credible evidence in support of the judgment, it follows that the judgment must be and is affirmed.

With respect to other errors claimed, all of which have been examined, we find no error therein prejudicial to the rights of the four appellants.

*Judgment affirmed.*

PUTNAM and MONTGOMERY, JJ., concur.

SHERICK, P. J., PUTNAM and MONTGOMERY, JJ., of the Fifth Appellate District, sitting by designation in the First Appellate District.