Weygandt, C. J.
 

 The single question of law presented for consideration by this court is whether the trial court was in error in refusing to permit the plaintiff, over objection, to examine the defendant daughters as if under cross-examination as provided by Section 11497, General Code, which reads in part as follows :
 

 “At the instance of the adverse party, a party may be examined as if under cross-examination, either orally, or by deposition, like any other witness.”
 

 It is the contention of the plaintiff that this provision is general, unconditional and applicable in'every instance.
 

 Likewise, the plaintiff relies upon the following provisions of Section 11493, General Code:
 

 “All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.”
 

 On the other hand the defendants insist that the following provisions of Section 11495, General Code, are decisive of the controversy:
 

 “A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person except * # *.”
 

 In response to this contention of the defendants the plaintiff admits that she comes within none of the eight exceptions set forth in this section and that over objection she could not have testified in
 
 her
 
 own behalf,
 
 *237
 
 because the administrator is an adverse party and because the daughters as heirs, grantees and assignees of a deceased person are likewise adverse parties. She concedes, too, that over objection the-daughters could not have testified in
 
 their
 
 own behalf, because as the widow she is claiming as heir of a deceased person. But she strenuously insists that Section 11497, supra, contains no exceptions and that therefore she has the right, even over the daughters’ objections, to examine them as if under cross-examination, although the testimony would relate to events antedating the decedent’s death. Restated and reduced to its lowest terms, the contention of the plaintiff is simply that “Section 11495 does not mean literally what it says” but merely prohibits a party from testifying in
 
 his
 
 own behalf when seasonable objection thereto has been made.
 

 This court shares the difficulty of the trial court and the Court of Appeals in attempting to follow this view of these statutes. In the first place, it is a fundamental rule of statutory construction that as between one provision that is merely general and another that is specific and unambiguous in its terms, the latter must prevail. It is conceded that Sections 11493 and 11497 are general and that Section 11495 is specific.
 

 Furthermore, Section 11495 does not provide that a party shall not testify “in his own behalf” or that he “may be examined as if under cross-examination.” Rather, it provides specifically and unambiguously that “a party shall not testify” — language too plain to require construction.
 

 Then, too, it must be remembered that this section contains eight exceptions within its own provisions. Hence, it seems reasonable to suppose that when the General Assembly considered the matter of exceptions, it would have specified additional ones if more had been intended. In any event, judicial legislation is not the proper means to enlarge the list.
 

 
 *238
 
 The plaintiff further suggests that Section 11495 and all similar statutes are of questionable expediency; that by reason of such statutes many just claims are defeated by inability to prove them, because often only the claimant possesses the facts; and that since the right to cross-examine claimants always exists after they have testified in their own behalf, it is doubtful whether many fictitious claims are successfully assorted in jurisdictions which do not have statutes of this tenor. Even though the correctness of these considerations be conceded, they present questions of state legislative policy to be determined by the General Assembly and not by the courts.
 

 According to the defendants, the plaintiff’s purpose in calling the defendants for cross-examination was, in the absence of objection, to obtain a waiver of the statute and thus enable the plaintiff to testify in her own behalf as to the matters upon which the defendants had been cross-examined. But the defendants express doubt whether, even then, a waiver would have been accomplished, since it was not the administrator who called the defendants for cross-examination. However, no question of waiver is before the court and hence none is decided or considered.
 

 The case of
 
 Goehring
 
 v.
 
 Dillard, a Minor,
 
 145 Ohio St., 41, 60 N. E. (2d), 704, is mentioned. In the second paragraph of the syllabus this court held as follows:
 

 “Where the deposition of a defendant is duly filed in an action properly revived against defendant’s administrator, such deposition may be read in evidence and the plaintiff may thereafter testify as to all competent matters contained in such deposition. (Paragraph 8, Section 11495, General Code.)”
 

 Several important distinctions are apparent. That case involved the admissibility of the defendant’s deposition taken by the plaintiff as upon cross-examination. The defendant died before the trial. The depo
 
 *239
 
 sition was duly filed and offered in evidence by the plaintiff. A majority of this court held that the deposition was admissible under the specific exception set forth in paragraph 8 of Section 11495, General Code, and that the plaintiff was permitted to testify as to all competent matters with reference to which the défendant himself had testified in such deposition. Two of the dissenting members of the court in -the instant case were then of the opinion that the deposition in that case was not admissible even under a specific exception provided by the statute itself. In the instant case it is not contended that the proffered testimony is admissible under any of the eight specific exceptions.
 

 The trial court was not in error in refusing to permit the plaintiff, over objection, to examine the defendant daughters as if under cross-examination, and the judgment of the Court of Appeals affirming the action of the trial court must be affirmed.
 

 Judgment affirmed.
 

 Zimmerman, Bell and Turner, JJ., concur.
 

 Williams, Matthias and Hart, JJ., dissent.