Taft, J.,
dissents for the reason that the decision in the instant case is entirely inconsistent with the decision rendered by this court in Roberts v. Briscoe, 44 Ohio St., 596, 10 N. E., 61, and also with the sound reasons given by this court for that decision. See, also, Torrance v. Torrance, 147 Ohio St., 169, 70 N. E. (2d), 365, and Stream v. Barnard, Exrx., 120 Ohio St., 206, 211, 165 N. E., 727, 64 A. L. R., 1144.
Verbsky v. Burger, 146 Ohio St., 235, 65 N. E. (2d), 695 (where plaintiff claimed as heir against defendants who defended as heirs of same decedent and plaintiff was prevented from examining defendants as witnesses), is clearly distinguishable, because the parties who sought to prevent the testimony in that case were, unlike the party who objected to the testimony in the instant case, within the definition of “the adverse party” for whom the General Assembly provided protection by enactment of Section 11495, General Code. See Roberts v. Briscoe, supra, Hubbell v. Hubbell, 22 Ohio St., 208, 213, and Totten v. Estate of Miller, 139 Ohio St., 29, 37 N. E. (2d), 961. It may further be observed that the four-to-three decision in Verbsky v. Burger, supra, appears to be inconsistent with other earlier pronouncements of this court (In re Raab’s Estate, 16 Ohio St., 273, Doughman v. Doughman, 21 Ohio St., 658, and Rankin v. Hannan, 38 Ohio St., 438, 441) not mentioned in the majority opinion of the court in that case (see, also, paragraph 3 of exceptions in Section 11495, General Code, and 58 American Jurisprudence, 153, 185, Sections 227, 299); and that no authorities are cited therein in support of the decision rendered. Cf. Farley et al., Exrs., v. Lisey, Exrx., 55 Ohio St., 627, 45 N. E., 1103, where, in an action by the executor of one decedent against the executrix of another, the plaintiff-executor was prevented from offering his own testimony (not that *45 of the defendant-executrix, which would have involved a situation such as involved in Verbsky v. Burger, supra).
The majority opinion is apparently based on the premise that the executor must waive the potential incompetence of a witness before examining him pursuant to the statutes authorizing the taking of depositions.
It does not follow that there must be such a waiver, merely because the taking and filing of the deposition of the witness, without offering it in evidence, do not, as this court held in Prince, Exrx., v. Abersold, 123 Ohio St., 464, 175 N. E., 862, amount to such a waiver.
The necessity of such a waiver is not provided for and cannot be implied from any statutory provision. As stated by Davis, J., in In re Rauh, 65 Ohio St., 128, 135, 61 N. E., 701:
“The right to take depositions should be carefully distinguished from the right to use them. The one [to use] depends upon the competency of the evidence, or upon the existence of one or more of the cases mentioned in Section 5265 of the Revised Statutes [now Section 11525, General Code]; the other [to take] is a precautionary privilege granted by Section 5266 of the Revised Statutes [now section 11526, General Code] * * *. Whether or not the substance of the deposition is incompetent, is to be left to the subsequent determination of the court * * *. If the witness assumes to decide these questions for himself at the time, unless the interrogatory involves a question of privilege, he must do so at his peril. ’ ’
No question of privilege of petitioner is involved in the instant case. The privilege provided for by Section 11495, General Code, is that’of “the adverse party, ” — in this case the executor. Roberts v. Briscoe, supra, Hubbell v. Hubbell, supra, and Totten v. Estate of Miller, supra.
*46 The case of State v. Wilson, 156 Ohio St., 525, 103 N. E. (2d), 552, dealt with the question of the right to use a deposition but did not involve any question of the right to take a deposition.