Herbert, J.
Two issues are presented to this court for determination. First, whether the Court of Appeals properly denied a review on questions of law and fact in an action for a declaratory judgment to set aside an antenuptial agreement and allow the surviving spouse to take her statutory share of the decedent’s estate. Second, whether a surviving spouse, as a protected party pursuant to Section 2317.03, Revised Code, may waive the incompetency of the personal representative of the deceased spouse and require him to testify as to events which occurred prior to the decedent’s death.
Turning to the first issue, prior to 1955 courts determined whether an appeal involved “questions of law and fact” or “questions of law” only. Upon reaching such determination courts allowed appeals on law and fact in chancery cases and *471 appeals on law only in the remaining cases. See, e. g., Westerhaus Co., Inc., v. City of Cincinnati (1956), 165 Ohio St., 333; Bradford et al., Admrs., v. Micklethwaite (1955), 163 Ohio St., 301.
In 1961, the Gfeneral Assembly amended Section 2501.02 of the Revised Code by making style deviations bnt not otherwise changing the effect of the statute which conferred additional jurisdiction upon the Courts of Appeals as follows:
“* * * in addition to the original jurisdiction conferred by Section 6 of Article IY, Ohio Constitution, the court shall have jurisdiction.
< < * * *
“Upon an appeal on questions of law and fact the Court of Appeals * * * shall weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case, in the following classes of actions, seeking as a primary and paramount relief:
C i # * *
“(6) The reformation and cancellation of instruments in writing;
i i # # *
“In all cases not falling within the classes designated above the Court of Appeals shall have jurisdiction to proceed as in an appeal on questions of law only.” (Emphasis added.)
It is apparent now that the determination of the question whether an appeal is one on questions of law and fact or on questions of law only is entirely controlled by statute. Section 2501.02 of the Revised Code. Decisions prior to this legislative enactment are no longer controlling in this area.
If the relief sought here is “primary and paramount” and designated in one of the ten classes set out in the statute, then the Court of Appeals should have allowed an appeal on questions of law and fact; if otherwise, then it was proper to consider the appeal on questions of law only.
In the instant case, appellant, in her petition, prays that the Probate Court “enter a declaratory judgment determining that the purported antenuptial agreement signed on November 18, 1952, between this plaintiff and Robert L. Hawkins, Sr., deceased, is invalid and void and of no effect and that plaintiff *472 is entitled to her intestate share of the estate of decedent as provided by the statutes of the state of Ohio, and for her costs.”
Appellant contends that she seeks as “primary and paramount relief” the cancellation of a written instrument under subparagraph 6 of Section 2501.02, Revised Code, so as to qualify for an appeal on questions of law and fact. We believe that the primary and paramount relief sought by the appellant is to be awarded her statutory share of the decedent’s estate under the provisions of Sections 2105.06 and 2107.39 of the Revised Code. Appellant is required to make such an election within the prescribed time limits set out in Section 2107.39, Revised Code, and in the event of failure to do so such spouse is conclusively presumed to have elected to take under the will. Section 2107.41, Revised Code. The election must be made in person by the appellant before the probate judge or his designated deputy. Section 2107.43, Revised Code. There are potentially other obstacles in the way of the appellant before she would be entitled to a share in the estate in the event that the antenuptial contract is held invalid. In short, appellant here has attempted to institute a proceeding to secure a declaratory judgment to determine whether she will share in the decedent’s estate. The primary and paramount relief sought is that the Probate Court declare that appellant is entitled to share in the decedent’s estate. This relief does not fall within the classes of actions designated in Section 2501.02, Revised Code, and hence is not within the jurisdiction of the Court of Appeals on questions of law and fact, and, therefore, her appeal must become one of law only.
Appellant’s second contention is also not persuasive. This court has previously ruled that such a person can not be called to testify. Verbsky v. Burger (1946), 146 Ohio St., 235.
Contrary to appellant’s argument, the subsequent decisions in In re Renee (1953), 159 Ohio St., 37, and In re Scholl (1959), 170 Ohio St., 205, have not eroded or diminished the strength of the rule laid down in paragraph two of the syllabus in the Verbsky case, which reads:
“Under the provisions of that section [present Section 2317.03, Revised Code] a party is prohibited, over objection, from examining an adverse party as if under cross-examina *473 tion when one of the adverse parties is an administrator or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased person.”
In In re Scholl, in his concurring opinion, Taft, J., said:
“* * * the desirability of equal treatment for all litigants and the desirability of some certainty as to what the law is, that are the basic reasons for the doctrine of stare decisis, require the adherence by this court to that holding [In re Renee]. It may be observed that the General Assembly has had over six years to change the law as announced in that holding but has not done so. ’ ’
It is now 18 years since the Verbsky decision was handed down. The General Assembly has not seen fit to change the ruling contained therein.
Therefore, under the provisions of Section 2317.03, Revised Code, appellant may not, over objection, examine a co-executor, an adverse party, as if under cross-examination.
For the aforementioned reasons, the judgment of the Court of Appeals is hereby affirmed.

Judgment affirmed.

Zimmerman, Matthias, O’Neill and Grieeith, JJ., concur.
Taet, C. J., and Gibson, J., concur in paragraph three of the syllabus and in the judgment.