CANARY, APPELLANT, *v.* WALLACE, A MINOR, ET AL., APPELLEES.

(No. 70-285—Decided March 17, 1971.)

246

*Miss Gladys Davis, Mr. John Alden Stalker* and *Mr. Richard L. Eisnaugle,* for appellant.

*Messrs. Miller, Searl & Fitch, Mr. Chester P. Fitch, Messrs. Skelton, Kahl, Horr & Burton, Messrs. Bannon, Howland, McCurdy & Dever* and *Mr. William L. Howland,* for appellees.

Corrigan, J. We are concerned in this appeal with the question of whether the trial court erred in refusing to permit plaintiff Canary to testify against defendant Wallace, and to call as upon cross-examination the defendant Wallace.

Stated generally, the issue may be phrased as follows: Where the provisions of R. C. 2317.03 prevent a plaintiff from testifying against a party defendant administratrix, may the plaintiff testify against and call as upon cross-

examination a co-defendant where the action is one in which the two defendants are subject to joint and several liability?

In forbidding plaintiff to testify against and cross-examine defend..nt Wallace, the trial court relied upon *Hawkins* v. *Hawkins, supra* (176 Ohio St. 469), in which paragraph three of the syllabus reads:

"Under the provisions of Section 2317.03, Revised Code, a party is prohibited, over objection, from examining an adverse party as if under cross-examination, where one of the adverse parties is an administrator or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased person. (Paragraph two of the syllabus of *Verbsky* v. *Burger*, 146 Ohio St. 235, followed.)"

A literal interpretation of the above-quoted syllabus from *Hawkins* supports the trial court's conclusion that it is controlling in this case. However, close examination of *Hawkins* and *Verbsky* reveals that in neither instance was joint and several liability claimed against multiple defendants. To the contrary, in both *Hawkins* and *Verbsky* all the defendants' rights were dependent upon the outcome of the action asserted against the administrator. Here, on the other hand, the rights of the defendants were not dependent one upon the other inasmuch as they were subjected to joint and several liability and the jury could have reached different conclusions as to the liability of each defendant.

Thus, the facts presented in the instant case, wherein either party defendant might be subjected to a separate judgment, distinguish this case from both *Hawkins* and *Verbsky*, and the rule expressed in those cases does not apply. The proper rule, rather, in the circumstances presented here, was set forth in *Totten* v. *Estate of Miller* (1941), 139 Ohio St. 29, wherein paragraphs one and two of the syllabus read:

"1. A plaintiff whose evidence is competent as against one of two parties defendant as to whom a separate judgment may be entered, but incompetent as against the other,

may testify against the party as to whom he is a competent witness.

"2. When a witness is precluded from testifying on the ground of his alleged incompetency as a witness and not on the ground that his proposed testimony is incompetent, his exclusion, if erroneous, will be presumed to be prejudicial, and it is not necessary to proffer his proposed testimony in order to challenge or review the action of the court as to his exclusion."

In such case, as stated in the syllabus in *Hubbell* v. *Hubbell* (1871), 22 Ohio St. 208, "the court should render such judgment or judgments * * * as would have been warranted by the evidence, in case there had been several actions—the evidence being considered in one action and not in the other."

Applying the rules expressed in *Totten* and *Hubbell* to the facts herein, we are of the opinion that plaintiff's evidence was admissible against defendant Wallace in the actions between those two parties on the petition and cross-petition, that the trial court erred in ruling that it was not, and that the exclusion of such evidence must be presumed prejudicial.

Therefore, the judgment is affirmed as to the causes of action between plaintiff Canary and defendant administratrix Loop; the judgment is reversed as to the causes of action between plaintiff Canary and defendant Wallace and those causes are remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment affirmed in part and reversed in part.*

O'Neill, C. J., Schneider, Herbert, Duncan, Stern and Leach, JJ., concur.