OPINION
Plaintiff-appellant Janice Baird appeals from an order overruling her motion for a change in custody with respect to her daughter, Bobbi, who was nearly nine years old at the time of the hearing on the motion. Baird contends that the trial court erred by excluding Bobbi's testimony solely on account of her age, without first conducting a voir dire examination to determine if she was competent to testify. Baird also asserts that, pursuant to Totten v. Estate of Miller (1941), 139 Ohio St. 29, her failure to proffer what Bobbi's testimony would have been had she been permitted to testify does not preclude her from raising the issue on appeal, without having to resort to the plain error rule.
We conclude that the trial court did err by excluding the testimony of Bobbi solely because of her age. A trial court commits reversible error by excluding the testimony of a child under the age of ten without first conducting a voir dire examination of the child to determine if he or she is competent to testify. We further conclude that Baird's failure to proffer what Bobbi's testimony would have been had she been allowed to testify does not preclude her from raising the issue on appeal without having to resort to the plain error rule. Pursuant to paragraph two of the syllabus in Totten, supra, when a witness is precluded from testifying on the basis of his alleged incompetency as a witness, and not on the ground that his proposed testimony is incompetent, his exclusion will be presumed to be prejudicial, and it is not necessary for the proponent of the evidence to proffer the witness's proposed testimony. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for proceedings consistent with this opinion.
 I
Baird and defendant-appellee Bobby Gillispie are the parents of Bobbi Gillispie, who was born on April 4, 1990. In 1998, Mr. Gillispie filed a motion seeking a change in custody, which was granted. As a result, Gillispie was named Bobbi's residential parent, while Baird was given visitation rights with respect to her.
In January, 1999, Baird filed a motion, which forms the basis for this appeal, wherein she sought custody of Bobbi, or, in the alternative, a modification of her visitation rights. A hearing was held on Baird's motion on February 26, 1999. At the hearing, Baird, acting pro se, testified in her own behalf. Among other things, Baird expressed concerns that Gillispie kept in his home expired prescription medications, to which Bobbi had access, and that Gillispie had, on occasion, left Bobbi without adult supervision after school. On cross-examination, Gillispie's counsel showed Baird several exhibits from Bobbi's physician, psychologist, and optometrist, all of which indicated that Bobbi was in good physical and mental health. After Baird had finished testifying in her own behalf, the trial court asked her if she had any other witnesses that she wished to call. Baird responded by stating, "[w]ell, I would like to call Bobbi, but is a child allowed to testify?" The trial court answered by stating, "no[,] we would not allow her to testify at her age."
On March 10, 1999, the trial court issued a decision and entry overruling Baird's motion for custody, finding that Bobbi's "medical and psychological needs are being met." Nevertheless, in an attempt to alleviate Baird's current, and possible future, concerns, the trial court ordered Gillispie to provide Baird with copies of all medical and psychological reports that he receives from Bobbi's health care providers, and to supervise the administration of all medications to Bobbi. Also, the trial court ordered both parties to dispose of all expired medications for their daughter, and to provide Bobbi with adult supervision whenever she is in their care.
Baird, now represented by counsel, appeals from the trial court's March 10, 1999 order.
 II
In her sole assignment of error, Baird argues that:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY EXCLUDING THE TESTIMONY OF A CHILD UNDER THE AGE OF TEN WITHOUT FIRST CONDUCTING A VOIR DIRE OF THE CHILD TO DETERMINE WHETHER THE CHILD WAS COMPETENT TO TESTIFY.
We agree.
Evid.R. 601 provides that "[e]very person is competent to be a witness except: (A) * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." "It is the duty of the trial judge to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify." State v. Frazier (1991),61 Ohio St.3d 247, 250-251.[1] The determination of whether a child under ten is competent to testify is within the sound discretion of the trial court. Id.
Here, the trial court excluded the testimony of Baird's witness, Bobbi, who was nearly nine years old at the time of the hearing, solely on account of Bobbi's age. This decision constituted reversible error. Under the plain language of Evid.R. 601(A), not all children under the age of ten are considered incompetent to testify, only those children who appear to be incapable of receiving just impressions of facts and events, or of relating those facts and events accurately. The trial court had a duty to conduct a voir dire examination of Bobbi to determine if she was competent to testify at the hearing. In most cases, including this one, the trial court will not be able to determine if a child is competent to testify simply by taking notice of the child's age. Indeed, in one case, a trial court's determination that two children, who were three and four years of age, were competent to testify was upheld against a challenge that the trial court's decision constituted an abuse of discretion. See State v.Ward (1992), 86 Ohio App.3d 4, 5-7. See, also Frazier, supra, in which a child seven years of age was held competent to testify.
Gillispie implicitly concedes that the trial court erred by not conducting a voir dire examination of Bobbi prior to excluding her testimony. Nevertheless, Gillispie advances several reasons as to why the trial court's order should be upheld. First, Gillispie points out, correctly, that Baird failed to make an offer of proof regarding what the substance of Bobbi's testimony would have been, had she been allowed to testify. Therefore, Gillispie asserts, Baird failed to take the steps necessary to preserve the error for purposes of review. We disagree.
Evid.R. 103(A) provides, in pertinent part, that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and * * * (2) * * * [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." The purpose of requiring the proponent of the excluded evidence to make an "offer of proof" or "proffer" regarding the evidence is to allow a reviewing court to determine whether the proponent of the evidence has been prejudiced by its exclusion. 1 Giannelli, Snyder, Evidence (1996) 69, Section 103.9.
However, the Ohio Supreme Court has stated:
 When a witness is precluded from testifying on the ground of his alleged incompetency as a witness and not on the ground that his proposed testimony is incompetent, his exclusion, if erroneous, will be presumed to be prejudicial, and it is not necessary to proffer his proposed testimony in order to challenge or review the action of the court as to his exclusion.
Totten v. Estate of Miller (1941), 139 Ohio St. 29, paragraph two of the syllabus.
Furthermore, while Totten was decided before the enactment of the Rules of Evidence in 1980, it is still valid law, and is dispositive of the case sub judice. Evid.R. 102 provides, in pertinent part, that "[t]he principles of the common law of Ohio shall supplement the provisions of these rules, and the rules shall be construed to state the principles of the common law of Ohio unless the rule clearly indicates that a change is intended." Prior to the adoption of the Rules of Evidence in this state in 1980, the proponent of any evidence that had been ruled inadmissible was required to make a proffer with respect to that evidence, in order to preserve the issue for appellate review. See, e.g., Neff v. Cincinnati (1877), 32 Ohio St. 215, paragraph two of the syllabus. Evid.R. 103(A)(2) adopted the proffer requirement that existed at common law, and "does not change traditional practice." 1980 Staff Note to Evid. R. 103(A)(2).Totten represents an exception to the common law rule requiring that a proffer be made where evidence is excluded, in order to preserve the evidentiary ruling on appeal. There is nothing in Evid.R. 103(A)(2) that "clearly indicates that a change [wa]s intended" with respect to this exception to the proffer requirement found in the common law of this state. Thus, Totten
is controlling here, and Baird's failure to make a proffer as to what Bobbi's testimony would have been had she been allowed to testify does not preclude her from raising this issue on appeal, without having to resort to the plain error rule found in Evid.R. 103(D).
Gillispie also argues that the exclusion of Bobbi's testimony "did not affect a substantial right" of Baird, because the trial court "would have most likely come to the same decision even if Bobbi had testified." In support of this argument, Gillispie cites the three exhibits he introduced into evidence during his cross-examination of Baird, which consisted of letters or reports from Bobbi's physician, psychologist, and optometrist, indicating that she was in good mental and physical health. In fact, the letter from Bobbi's psychologist indicated that she would have concerns about any changes in Bobbi's "current living situation." However, under Totten, when a witness is precluded from testifying on the ground of his alleged incompetency as a witness, his exclusion "will be presumed to be prejudicial." Id., at paragraph two of the syllabus. (Emphasis added.) Thus, pursuant to Totten,
we must presume that a substantial right of Baird's was affected by the trial court's erroneous exclusion of Bobbi's testimony. Furthermore, assuming that Bobbi would be found to be a competent and credible witness, her testimony concerning her living conditions would be the best evidence thereof.
Gillispie also argues that Baird should not be given any preferential treatment because she appeared pro se in the proceedings held before the trial court. He also represents that Bobbi was not even in the courthouse at the time Baird attempted to call her to the witness stand, but, instead was in elementary school. However, the record is silent on Bobbi's whereabouts at the time her mother asked the trial court if she could call Bobbi as a witness. Although the trial court indicated at the beginning of the proceedings that Bobbi was not in the courtroom, there is no indication in the record as to whether she was in the courthouse or in school. Factual assertions appearing nowhere except in a party's brief are not part of the record on appeal, and may not be considered by an appellate court when ruling upon the merits of the case. Akro-Plastics v. Drake Industries (1996),115 Ohio App.3d 221, 225. Furthermore, even if Bobbi was not in the courthouse at that moment, we cannot speculate whether the trial court would have granted or refused Baird a continuance in order to bring Bobbi to the courtroom. Finally, while we agree with the general rule that pro se litigants should not be shown any favoritism, see, e.g., Meyers v. First Natl. Bank ofCincinnati (1981), 3 Ohio App.3d 209, 210, that rule is inapposite here, since the fact that Baird appeared pro se in the trial court's proceedings has played no role in our decision.
Baird's sole assignment of error is sustained.
 III
Baird's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause isRemanded for further proceedings consistent with this opinion.
BROGAN and YOUNG, JJ., concur.
[1] "In determining whether a child under ten is competent to testify, the trial court must take into consideration: (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify; (2) the child's ability to recollect those impressions or observations; (3) the child's ability to communicate what was observed; (4) the child's understanding of truth and falsity; and (5) the child's appreciation of his or her responsibility to be truthful." Id.,
at syllabus.