In re Vincent & Bonnie
SKINNER, Debtors.

No. 05–25878.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Nov. 29, 2005.

Bonnie Lynn Skinner, North Ridgeville, OH, pro se.

Vincent Joseph Skinner, North Ridgeville, OH, pro se.

## *ORDER*

RANDOLPH BAXTER, Chief Judge.

The matter before the Court is the Chapter 7 Trustee's ("Trustee") motion for authority to enter the residence of a non-debtor party[1]. This matter is a core proceeding pursuant to 28 U.S.C. § 157(a) and (b), and the Court has jurisdiction of the matter in accordance with 28 U.S.C. § 1334 and General Order No. 84 of this District. In support of the motion, the Trustee alleges the following:

1. The address of the residence is not con-     tained in this Order.

Vincent and Bonnie Skinner ("Debtors") filed for voluntary relief under Chapter 7 proceedings on September 27, 2005. At the time of the § 341 meeting of creditors, co-debtor Vincent Skinner disclosed to the Trustee that he believed that he had hidden substantial sums of cash, totaling in excess of $100,000.00, in his former marital residence and that to the best of his knowledge and belief those funds remain hidden there. The Trustee believes that the reason the large amount of cash was accumulated by Vincent Skinner is that he received a judgment against him and he began keeping his cash at the residence instead of depositing the same in a bank account that would have been subject to a lien attachment. The Trustee asserts that Skinner was a previous owner of the property with his former spouse, but as a result of certain state court rulings and a restraining order taken against Skinner, he was prohibited from entering the premises to remove any of the funds.

The Trustee further asserts that, during the time frame in which Skinner was restrained from entering the marital premises, and/or incarcerated, Skinner's former spouse was awarded the marital residence in divorce proceedings by the state court and, subsequently, sold the property to the current residents of the home.

Herein, Trustee seeks an Order granting him (and a U.S. Marshal) to enter into Skinner's former residence contending that there are a number of parties who may have overheard the facts of this matter because they were present in the same room for other § 341 meetings. The Trustee implies that knowledge by other parties of the potential existence of these funds could interfere with any attempts to recover such funds for the benefit of the bankruptcy estate. Furthermore, based upon the information provided to the Trustee by Skinner, the Trustee asserts that

there would be nominal intrusion to the current owners and little, if any, damage to their property if the Trustee were allowed to make a very brief search for the funds.

\* \*

The Trustee believes that under Ohio law if such funds exist, they would be property of the bankruptcy estate based upon *Baker v. City of West Carrollton,* 1986 WL 8615; and *Niederlehner v. Weatherly,* 78 Ohio App. 263, 69 N.E.2d 787 (1946) (both cases discuss personal property under Ohio law). However, the Trustee acknowledges that, for bankruptcy purposes, Skinner has no legal or equitable interest in the residence he requests to enter. *See* 11 U.S.C. § 541. The Trustee recognizes that the request sought in this case is extraordinary given the fact that there is no certainty that the funds are there or have not already been removed by a third party.

\* \* \*

Although the Trustee provides authority discussing personal property law, the dispositive issue is whether this Court has authority to grant permission to a bankruptcy trustee to search a nondebtor's residence for bankruptcy estate property.

\* \* \* \*

■ There is no case law presented by the Trustee to support a search and seizure of a non-debtor third party's residence to locate alleged bankruptcy estate property. The case law is clear that a Trustee cannot search a debtor's residence for estate property without satisfying the Fourth Amendment to the U.S. Constitution. *See e.g. In re Benny,* 29 B.R. 754, 766 (N.D.Cal.1983)(an individual facing bankruptcy must cooperate with the statutory scheme, but he does not automatically suffer a loss of important civil rights); *In re Barman,* 252 B.R. 403 (Bankr.

E.D.Mich.2000). In *Barman,* the Court opined that:

The Chapter 7 Trustee acted under color of federal law in inspecting **debtor's** property and, thus, was bound by the Fourth Amendment; (2) nondebtor wife, who agreed to the inspection after trustee arrived at her home with U.S. Marshals and after she consulted with her attorney, simply acquiesced to a claim of lawful authority and, thus, did not freely and voluntarily consent to the search; (3) debtor had some reasonable expectation of privacy in his residence, even though that expectation was diminished due to his bankruptcy filing; (4) for a trustee's inspection of a debtor's property to comply with the Fourth Amendment, trustee must file written motion requesting inspection order, motion ordinarily should be filed according to court's regular motion process, motion seeking ex parte relief should set forth detailed facts supporting such relief, inspection ordinarily should occur during regular business hours, in debtor's presence, and without forcible entry, and order must identify the premises to be inspected and contain factual findings in support of court's decision; (5) Fourth Amendment does not restrict a trustee to inspect only for specific property; and (6) in the present case, trustee did not violate debtor's Fourth Amendment protections in obtaining and executing the inspection order.

*In re Barman,* 252 B.R. 403 (Bankr.E.D.Mich.2000)(emphasis added). *Barman* held that the Fourth Amendment applies to trustee searches and set forth a threshold standard for a trustee, after a *noticed* hearing, to obtain a bankruptcy court order allowing the "inspection" (not seizure) of a debtor's residence for assets belonging to the estate. *See also Spacone v. Burke (In re Truck–A–Way),* 300 B.R. 31 (E.D.Cal.2003)(discussing *Barman,* in part, held bankruptcy court search and seizure orders are not exempted from the 4th Amendment or the federal rules of criminal procedure).

*In re Barman* is the only reported case that held that a bankruptcy court possesses the authority to issue orders permitting the inspection of a debtor's residence to locate assets of the bankruptcy estate. In *In re Application of Trustee in Bankruptcy,* the Court determined that the bankruptcy trustee failed to show authority to apply for issuance of a search warrant. The Court stated:

Rule 41 of the Federal Rules of Criminal Procedure regulates the application for and issuance of search warrants. That rule provides, in pertinent part, that "Upon the request of a federal law enforcement officer or an attorney for the government, a search warrant authorized by this rule may be issued...." Fed.R.Crim.P. 41(a). The applicant, a Trustee in Bankruptcy, is, according to my understanding, neither a federal "law enforcement officer" nor an "attorney for the government." He has not shown that he meets the criteria for either office, and he has not otherwise shown that he has the authority to apply for issuance of a search warrant. *See Fuentes v. Shevin,* 407 U.S. 67, 94 n. 30, 92 S.Ct. 1983, 2001 n. 30, 32 L.Ed.2d 556 (1972) ("the Fourth Amendment guarantees that the State will not issue search warrants merely upon the conclusory application of a private party"). In support of his request, the applicant asserts that assets lawfully belonging to a bankruptcy estate are being secreted unlawfully by the debtors. To the extent that such allegation shows or undertakes to show that a violation of federal criminal law has occurred or is occurring, the responsibility for investigating and prosecuting such illegal activity reposes with

the United States Attorney's Office and federal law enforcement agencies, such as the Federal Bureau of Investigation. Neither a private person nor an attorney acting on behalf of a party to litigation or otherwise involved in litigation has authority or responsibility for investigating and prosecuting alleged violations of the federal criminal law. Such persons, including the applicant in this cause, must call matters of which they may have knowledge to the attention of those officials, rather than seeking recourse directly to a District Judge or Magistrate Judge for issuance of a search warrant. The application shall be denied without prejudice to the applicant to renew such application with a supporting memorandum indicating the legal basis, if any, on which the applicant contends he has authority to obtain the warrant being sought. Absent such showing, it is, ORDERED THAT the application for the search warrant being sought herein be, and the same hereby is denied, without prejudice.

173 B.R. 341, 342 (N.D.Ohio 1994). Similarly, the district court in *In re Truck–A–Way* opined that civil search warrants and bankruptcy court "search and seizure orders" are not exempted from the principles of the Fourth Amendment or the Federal Rules of Criminal Procedure. The facts of *In re Truck–A–Way* are similar, but involved the inspection of a debtor's residence. The court opined:

> The bankruptcy court granted counsel's ex parte application to search two residences, including defendant's, and unspecified storage lockers and to seize property allegedly belonging to the bankruptcy estate without notice. The district court held that counsel never provided the bankruptcy court with the statutory or caselaw authority to support a warrantless search and seizure, save his reference to 11 U.S.C. § 105(a).

However, this provision, standing alone, could not circumvent the explicit warrant requirements of Fed.R.Crim.P. 41 or the Fourth Amendment, which counsel ignored. As a result, counsel acted in a manner that degraded the integrity of the court and interfered with the administration of justice.

*Spacone v. Burke (In re Truck–A–Way)*, 300 B.R. 31, 39 (E.D.Cal.2003). One governing principle has consistently been followed in the context of private residence searches: except in certain carefully defined classes of cases, a search of private property without proper consent is "unreasonable" unless it has been authorized by a valid search warrant. Fed.R.Crim.P. 41 requires an exacting procedure for the application and issuance of a search warrant. Under Rule 41, a search warrant may only issue upon the affidavit of a federal law enforcement officer or an attorney for the government establishing probable cause of crimes, contraband, or criminal instrumentalities. Fed.R.Crim.P. 41(b)-(d). Further, the rule mandates that only a federal magistrate judge with authority in the district or a state judge in the district may issue a search warrant. Finally, the warrant may only issue to search and seize persons or property within the district. Fed.R.Crim.P. 41(b); *In re Truck–A–Way*, 300 B.R. 31, 39 (E.D.Cal.2003).

█  There exists no authority for this Court to allow a search of a nondebtor's residence. The Trustee, who bears the burden of proof, has provided no persuasive authority upon which the relief sought can be granted. Accordingly, the subject motion is hereby denied.

**IT IS SO ORDERED.**